2002 WY 108

**Brian Elwood WALTON, Appellant (Respondent),**

v.

**STATE of Wyoming, ex rel., State of Utah, ex rel., Mariann WOOD, Appellee (Petitioner).**

**No. 01–197.**

Supreme Court of Wyoming.

July 15, 2002.

Representing Appellant: Brian E. Walton, Pro se, Afton, Wyoming.

Representing Appellees: Hoke M. MacMillan, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Sue Chatfield, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1] Brian Elwood Walton (Walton) appeals a district court order confirming the registration of a Utah support order pursuant to the Uniform Interstate Family Sup-

* Chief Justice at time of expedited conference.

port Act and withholding income. We affirm.

## ISSUES

[¶ 2] In his *pro se* brief, Walton did not present a statement of the issue(s) presented for review, as required by Wyoming Rule of Appellate Procedure 7.01(d). Appellee, Department of Family Services (DFS), sets forth a statement of the issues on appeal in its brief:

I. Whether the district court properly determined that the state of Utah had subject matter jurisdiction.

II. Whether the district court properly applied the full faith and credit clause of the United States Constitution to the registered child support order.

III. Whether appellant submits any cogent argument or legal authority.

## FACTS

[¶ 3] Walton and his ex-wife, Mary Ann (Mother), are the parents of two children. They were divorced in Idaho in 1987. Mother was awarded primary physical custody of the children and Walton was ordered to pay child support. Subsequent to the divorce Mother and children moved to Utah. In 1991, an Idaho court entered an order modifying the original divorce decree's custody and visitation provisions. In that order, the Idaho court ceded jurisdiction to the courts of Utah over issues relating to child custody while retaining jurisdiction over child support. In 1996, Walton moved to Lincoln County, Wyoming.

[¶ 4] On March 3, 1997, a hearing was held in the Second Judicial District Court for Davis County, Utah on an application by Mother to modify custody, visitation, and support. On August 19, 1997, the Utah court issued an order granting primary, physical custody of the children to Mother, establishing visitation, and ordering Walton to pay support. The Utah Court of Appeals dismissed Walton's appeal of the order because his notice was untimely.

[¶ 5] On March 17, 2000, DFS filed a petition with the Lincoln County district court to register the Utah support order pursuant to the Uniform Interstate Family Support Act (UIFSA). The DFS petition sought recovery of child support arrearages allegedly owed by Walton. Walton objected to the petition contending that Utah lacked subject matter jurisdiction over child support and personal jurisdiction over him. The district court concluded that Utah had jurisdiction and entered an order confirming registration of the Utah support order and withholding Walton's income in discharge of the arrearage. Walton appealed to this Court reiterating his contention that the Utah courts lacked jurisdiction over child support and raising an allegation of judicial misconduct by the district court judge.

### STANDARD OF REVIEW

[¶ 6] We conduct a *de novo* review of jurisdictional questions pursuant to "the inherent power, and the duty, to address jurisdictional defects on appeal...." *Gookin v. State Farm Fire & Cas. Ins. Co.*, 826 P.2d 229, 232 (Wyo.1992). If a lower court acts without jurisdiction, "this court will notice the defect and have jurisdiction on appeal, not on the merits, but merely for the purpose of correcting the error of the lower court in maintaining the suit." *Gookin*, at 232.

*Weller v. Weller*, 960 P.2d 493, 494 (Wyo. 1998) (quoting *Pawlowski v. Pawlowski*, 925 P.2d 240, 242 (Wyo.1996) (citation omitted)).

### DISCUSSION

[¶ 7] UIFSA was designed to streamline and expedite interstate enforce-

ment of child support decrees. *Cowan v. Moreno*, 903 S.W.2d 119, 121 (Tex.App.-Austin 1995). To further these goals and establish national uniformity, Congress mandated that all states adopt UIFSA by January 1, 1998. 42 U.S.C. § 666(f) (West 1996 Supp.); *see also Bordelon v. Dehnert*, 770 So.2d 433, 436 (La.App. 1 Cir.2000). The three states involved in this dispute have adopted UIFSA. *See* Wyo. Stat. Ann. §§ 20–4–139 through 20–4–194 (LexisNexis 2001), Utah Code Ann. §§ 78–45f–100 through 78–45f–902 (Lexis 2001 Supp.), and Idaho Code §§ 7–1001 through 7–1059 (Michie 1998).

[¶ 8] Idaho, as the issuing state,[1] retained continuing, exclusive jurisdiction over the child support order issued in this case so long as: (1) the obligor[2], obligee[3] or the child for whose benefit the support order remained residents of Idaho; or (2) until all the parties who are individuals have filed written consents for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction. Wyo. Stat. Ann. § 20–4–146(a); Utah Code Ann. § 78–45f–205(1); Idaho Code § 7–1008(1). As the official comments to UIFSA explain:

This section is perhaps the most crucial provision in UIFSA.... As long as one of the individual parties or the child continues to reside in the issuing state, and as long as the parties do not agree to the contrary, the issuing tribunal has continuing, exclusive jurisdiction over its order—which in practical terms means that it may modify its order. The statute attempts to be even-handed—the identity of the remain-

---

1. The "issuing state" is the state in which a tribunal has issued a support order. Wyo. Stat. Ann. § 20–4–140(a)(ix); Utah Code Ann. § 78–45f–101(9); Idaho Code § 7–1001(9).

2. "Obligor" means any individual, or the estate of a decedent:
   (A) Who owes or is alleged to owe a duty of support;
   (B) Who is alleged but has not been adjudicated to be a parent of a child; or
   (C) Who is liable under a support order.
   Wyo. Stat. Ann. § 20–4–140(a)(xii); Utah Code Ann. § 78–45f–101(13); Idaho Code § 7–1001(13).

3. "Obligee" means:

(A) An individual to whom a duty of support is or is alleged to be owed or in whose favor a support order has been issued or a judgment determining parentage has been rendered;
(B) A state or political subdivision to which the rights under a duty of support or support order have been assigned or which has independent claims based on financial assistance provided to an individual obligee; or
(C) An individual seeking a judgment determining parentage of the individual's child.
Wyo. Stat. Ann. § 20–4–140(a)(xi); Utah Code Ann. § 78–45f–101(12); Idaho Code § 7–1001(12).

ing party—obligor or obligee—does not matter. If the individual parties have left the issuing state but the child remains behind, continuing, exclusive jurisdiction remains with the issuing state.

The other side of the coin follows logically. Just as Subsection (a)(1) defines the retention of continuing, exclusive jurisdiction, by clear implication the subsection also defines how jurisdiction to modify may be lost. That is, if all the relevant persons—the obligor, the individual obligee, and the child—have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify. Further, the issuing tribunal has no current information about the factual circumstances of anyone involved, and the taxpayers of that state have no reason to expend public funds on the process. Note, however, that the original order of the issuing tribunal remains valid and enforceable. That order is in effect not only in the issuing state and those states in which the order has been registered, but also may be registered and enforced in additional states even after the issuing state has lost its power to modify its order.... The original order remains in effect until it is properly modified.

Interstate Family Support Act § 205, 9 U.L.A. 285–86 (1999). In this case, by 1997 all of the parties had permanently left Idaho, the issuing state. Therefore, contrary to Walton's argument, Idaho no longer retained continuing, exclusive jurisdiction over support issues, although the 1991 order issued by the Idaho court remained in full force and effect.

■ [¶ 9] The question before us is whether or not Utah had jurisdiction to modify the Idaho support order. Once the issuing state has lost continuing, exclusive jurisdiction, UIFSA provides that another tribunal, under certain specified conditions, may assume jurisdiction to modify the existing support order. The Utah version of the UIFSA provision states:

**Modification of child support order of another state.**

(1) After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if Section 78–45f–613 [4] does not apply and after notice and hearing it finds that:

(a) the following requirements are met:

(i) the child, the individual obligee, and the obligor do not reside in the issuing state;

(ii) a petitioner who is a nonresident of this state seeks modification; and

(iii) the respondent is subject to the personal jurisdiction of the tribunal of this state; or

(b) the child, or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order.

Utah Code Ann. § 78–45f–611; *see also* Wyo. Stat. Ann. § 20–4–183(a) and Idaho Code § 7–1050. If all of the parties have left the original issuing jurisdiction and reside in different jurisdictions, then UIFSA provides two methods for a court in one of the new states to assert jurisdiction over the support order. In most cases, the party seeking modification must seek relief in the state of residence of the non-moving party. Interstate Family Support Act § 611, 9 U.L.A. 371, (1999). However, the parties may mutually agree to submit themselves to the jurisdiction of another forum. *Id.* at 372. In this case, Utah obtained jurisdiction through the latter method. In its findings of fact, the Utah court noted the following:

[7] By stipulation of the parties, jurisdiction over the custody and visitation issues

---

4. Section 78–45f–613 provides for jurisdiction in Utah if all of the parties have left the original issuing state and now reside in Utah. *See also*, Wyo. Stat. Ann. § 20–4–193 and Idaho Code

§ 7–1052. This provision is obviously not applicable to this situation since all of the parties do not reside in Utah.

was transferred to the Utah courts prior to the time defendant moved to Wyoming.

[8] By written pleading submitted just prior to trial in this recent matter by defendant, the subject matter jurisdiction over the issues of child support and other financial matters concerning the children was transferred from Idaho to the Second Judicial District Court, Davis County, Farmington Department, State of Utah.

It is clear that all of the parties agreed to transfer jurisdiction over the support order to Utah and, accordingly, Utah properly exercised jurisdiction over the Idaho order for the purpose of modifying support pursuant to the provisions of UIFSA. Walton's claims that Utah lacked subject matter jurisdiction in this matter are without merit.

[¶ 10] Walton also challenges Utah's exercise of personal jurisdiction over him. UIFSA specifically states that a person who contests the validity of an order that is being registered can effect a stay of the order if he demonstrates that the issuing tribunal lacked personal jurisdiction over him. *See* Wyo. Stat. Ann. § 20–4–179(a)(i), Utah Code Ann. § 78–45f–607(1)(a), and Idaho Code § 7–1046(1)(a). If a defendant fails to question the jurisdiction of the court over him at the earliest opportunity, then the right to challenge that assertion of personal jurisdiction will be considered waived. *Matter of Adoption of MSVW*, 965 P.2d 1158, 1162 (Wyo.1998); *United Mine Workers of America, Local 1972 v. Decker Coal Company*, 774 P.2d 1274, 1283 (Wyo.1989). Here, there is no evidence that Walton ever challenged the exercise of personal jurisdiction over him by the Utah court. In fact, the available evidence indicates that Walton actively and voluntarily participated in the proceedings before the Utah court. The findings of fact in the Utah court's decision show that Walton filed pleadings, stipulated to the transfer of subject matter jurisdiction over support issues to Utah, and participated in the proceedings on the merits. There is no indication in the Utah court's decision that Walton ever raised the question of personal jurisdiction in those proceedings. Any claim of error predicated on the lack of personal jurisdiction was either not raised or waived by Walton. Accordingly, the Wyoming district court did not err in registering the Utah

order and enforcing its provisions pursuant to UIFSA.

[¶ 11] Walton also raises two other issues. First, he claims that the district court failed to properly credit him for money withheld from his taxes. Second, Walton claims that there was judicial misconduct by the district court judge. While difficult to discern from his *pro se* brief, Walton appears to allege that the district court judge had ex parte contact with the attorney representing the State of Wyoming. We have consistently refused to address claims not supported by cogent argument or citation to pertinent authority whether a *pro se* litigant or counsel files the brief. *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo.1995). Walton fails to make a cogent argument or offer any evidence supporting his accusation of judicial misconduct or claim for credit against the child support arrearage for money allegedly already withheld from his taxes; therefore, we will not address Walton's claims.

## CONCLUSION

[¶ 12] The State of Utah properly exercised jurisdiction over the issue of child support payments and Walton pursuant to the provisions of UIFSA. Accordingly, the district court's decision registering the child support order issued in that state and withholding income to recover arrearages is affirmed.