FOX, Justice.
[¶1] Amber Lynn Marie Hurd (Mother) did not respond to the petition of the Department of Family Services (DFS) to terminate her parental rights within 20 days after service. Upon the application of DFS, the clerk of court entered default against Mother. Approximately four months after being served, Mother filed a motion to set aside the entry of default. Mother appeals the district court's denial of her motion. We affirm.
ISSUE
[¶2] We rephrase Mother's single issue as follows: Did the district court abuse its discretion when it determined that Mother had not shown good cause to set aside the entry of default?
FACTS
[¶3] Mother is the natural mother of three children, born in 2008, 2009, and 2011, who have spent the majority of their lives in the care and custody of others. In June 2014, after nearly three years in the guardianship of their grandmother, the children returned to Mother's full-time care. The next month, DFS received a report that Mother and her boyfriend were physically abusing the children and forcing them to stay in a bedroom without food, water, or access to a bathroom. DFS visited Mother's residence and observed severe bruising on two of the children and a paddle on which "A** Beater" and the children's names were written. On August 1, 2014, the juvenile court placed the three children in custody of DFS and thereafter adjudicated Mother as having neglected the children. In a separate proceeding in district court, Mother was convicted of felony child abuse and, after failing to meet the conditions of her probation, was incarcerated at the Wyoming Women's Center.
[¶4] In March 2016, DFS initiated this case by filing in district court a Petition for Termination of Parental Rights against Mother and the fathers of the children.[1] DFS personally served the petition and summons on Mother at the Wyoming Women's Center on March 22, 2016. Mother did not file a responsive pleading or otherwise defend the petition within 20 days and, upon DFS's application, the clerk of court entered default against Mother on April 12, 2016. The following week, the district court issued an order setting a default hearing. Copies of the application for entry of default, the entry of default, *1159 and the order setting the default hearing were served on Mother by mail.
[¶5] Mother first responded to the termination petition approximately four months after it was personally served on her. In July 2016, Mother mailed letters to the district court and to counsel for DFS asking that the case be put "on hold" and that she be provided court-appointed counsel. The district court vacated the default hearing and provided to Mother the paperwork necessary to obtain court-appointed counsel. Shortly thereafter, Mother's court-appointed attorney entered her appearance, filed a response to the termination petition, and filed a motion to set aside the entry of default.
[¶6] The district court held a hearing on the motion to set aside the entry of default. Mother testified that, prior to receiving the termination petition, the juvenile court had changed the permanency plan from reunification to adoption. Mother stated that she assumed the termination petition was part of the juvenile case. Further, she believed (incorrectly) that she was still represented by counsel in that case. Regardless, upon receiving the termination petition in March 2016, Mother did not attempt to contact her former attorney until July 2016.[2]
[¶7] The district court found that Mother did not present good cause to set aside the entry of default and denied Mother's motion. After a default evidentiary hearing, the district court terminated Mother's parental rights. Mother timely perfected this appeal.
STANDARD OF REVIEW
[¶8] "A district court's determination as to whether good cause exists to set aside an entry of default lies within its sound discretion." In re HLL , 2016 WY 43, ¶ 32, 372 P.3d 185, 192 (Wyo. 2016) (citing In re ARW , 2015 WY 25, ¶ 17, 343 P.3d 407, 412 (Wyo. 2015) ). "We will not disturb that decision unless the district court abused its discretion and was clearly wrong." Id. (citations omitted).
Judicial discretion is made up of many things, including conclusions drawn from objective criteria. It means exercising sound judgment as to what is right under the circumstances, and not acting arbitrarily or capriciously. Multiple Resort Ownership Plan, Inc. [v. Design-Build-Manage, Inc. , 2002 WY 67] , ¶ 10, 45 P.3d [647,] 651 [ (Wyo. 2002) ]. As the proponent of the motion, Mother had the burden of proving that she is entitled to relief. In re ARW , ¶ 17, 343 P.3d at 412.
Id. at ¶ 33.
DISCUSSION
[¶9] Mother contends that the district court's analysis-a three-factor test applied in civil actions to determine whether a defendant has shown "good cause" to set aside default-was unfairly applied in the context of a proceeding for the termination of parental rights. Mother argues that the first factor of the test, prejudice to the plaintiff, will "always" be found in termination of parental rights cases, and therefore the factor test "will never allow an entry of default to be set aside."
[¶10] The grounds to set aside the entry of default in a termination of parental rights case are well established. Because a termination of parental rights proceeding is a civil matter, the Wyoming Rules of Civil Procedure apply. In re HLL , 2016 WY 43, ¶ 22-24, 372 P.3d at 189-90 (citing Wyo. Stat. Ann. § 14-2-312 ). Under W.R.C.P. 55(c), an entry of default may be set aside for "good cause." "Good cause for setting aside an entry of default, pursuant to [W.R.C.P.] 55(c), is to be found in the justifications for relief from a final judgment articulated in [W.R.C.P.] 60(b)." In re HLL , ¶ 34, 372 P.3d at 192 (quoting Fluor Daniel, Inc. v. Seward , 956 P.2d 1131, 1134 (Wyo. 1998) ); see also In re ARW , 2015 WY 25, ¶ 18, 343 P.3d at 412. W.R.C.P. 60(b)(1) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for [among other things] ... excusable neglect." "[D]emonstrating excusable neglect is not a light burden, because that standard is intended to address certain unavoidable crises in life, *1160 such as genuine emergencies like death, sickness, or other unfortunate situations in which a reasonably prudent person might have exhibited the same behavior under similar circumstances." In re HLL , ¶ 35, 372 P.3d at 192 (citing RDG Oil & Gas, LLC v. Jayne Morton Living Tr. , 2014 WY 102, ¶ 14, 331 P.3d 1199, 1202 (Wyo. 2014) ).
[¶11] In exercising its discretion, a trial court must consider three factors when resolving a motion to set aside the entry of default: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default." In re HLL , 2016 WY 43, ¶ 36, 372 P.3d at 192 (citing RDG Oil & Gas, LLC , ¶ 14, 331 P.3d at 1202 ).
[¶12] As to the first factor, Mother contends that "there will now always be prejudice to [DFS] in parental rights termination cases because of this Court's holding in [ In re HLL ]," and therefore the factor test "will never allow an entry of default to be set aside." Mother's contention is incorrect. In In re HLL , as here, the children had been in the custody of DFS for approximately two years, and the mother of the children had failed to respond to the termination petition for over three months. 2016 WY 43, ¶ 10-14, 372 P.3d at 188. There, we held that the district court reasonably found that DFS would be prejudiced by the delay to its permanent placement of the children if the entry of default were set aside. Id. at ¶ 37, 372 P.3d at 192. This does not mean that a district court, exercising its discretion, must necessarily weigh this factor against the defaulting parent.
[¶13] Further, prejudice to plaintiff is only one of three factors to be considered by the district court. When applying a factor test, "[n]o single factor is dispositive of the issue, and the ultimate determination under a factor test rule is made by weighing or balancing the conclusions on the individual factors against one another." Michael R. Smith, Advanced Legal Writing: Theories and Strategies in Persuasive Writing 66 (3d ed. 2013). "Some factors may favor one conclusion, while other factors favor a different conclusion. The final determination depends on which conclusion has the strongest support when all of the factors are considered together." Id. In In re HLL , the district court did not rest its decision on the first factor alone. 2016 WY 43, ¶ 37, 372 P.3d at 192-93. Because it considered the three factors before determining that the mother had not established good cause, we held that the district court exercised sound discretion in denying the mother's motion to set aside the entry of default. Id. at ¶¶ 37-38, 372 P.3d at 192-93.
[¶14] Here, the record shows that the district court weighed all three factors to find that Mother did not show excusable neglect or other good cause to set aside the entry of default. In its Findings of Fact, Conclusions of Law and Order Regarding Motion for Order to Set Aside Entry of Default, the district court stated:
17. In analyzing the requirement of good cause for setting aside an entry of default, the Wyoming Supreme Court has found that the factors described in Wyoming Rule of Civil Procedure 60(b) are relevant to a determination of whether good cause exists. Halberstam v. Cokeley , 872 P.2d 109, 111 (Wyo. 1994).
A three-factor test has been applied to determine whether a motion under Rule 60(b) should be granted. These factors have also been applied to determine if the "good cause" standard of Rule 55(c) has been met. The three factors to be considered are whether: (1) the plaintiff will be prejudiced if the judgment is set aside; (2) the defendant has a meritorious defense; and (3) culpable conduct on the part of the defendant led to the default. (internal citations omitted).
Id.
18. The Wyoming Supreme Court has recognized that [DFS] is indeed prejudiced by delaying permanency for minor children. CLB v. State, Dep't of Family Servs. (In re HLL) , 2016 WY 43, ¶ 37, 372 P.3d 182 [185], 192 (Wyo. 2016). The only delay in permanency for the children is resolving Respondent Hurd's parental rights as the Court has terminated *1161 the fathers' rights in this case. Any further delay in this proceeding delays ultimate permanency for the minor children. The minor children have been in [DFS's] custody for over eight hundred (800) days.
19. Respondent Hurd has not presented anything in her request to set aside the default or her answer to the petition to indicate that she has a meritorious defense to the substantive allegations in the petition.
20. Respondent Hurd's culpable conduct led to the entry of default against her. "Ignorance of the law or rules of procedure does not justify relief from an entry of default." Multiple Resort Ownership Plan, Inc. v. Design-Build-Manage, Inc. , 45 P.3d 647, 652 (Wyo. 2002) (internal citations omitted).
....
27. Respondent Hurd's failure to contact [her attorney in the juvenile matter], another attorney, or the Court, until some One Hundred (100) days after [DFS] served her with the termination petition is not excusable neglect. Respondent Hurd did not act as a reasonably prudent person under the circumstances.
28. The entry of default against Respondent Hurd should not be set aside.
[¶15] We find that the district court exercised sound judgment to deny Mother's motion. The district court properly applied the Wyoming Rules of Civil Procedure and reasonably considered the three factors before making its determination. First, as in In re HLL , DFS would be prejudiced by the delay to the permanent placement of the children. Second, Mother did not assert a meritorious defense to the substantive allegations that she was unfit to care for the children and returning the children to her care would jeopardize their health and safety-nor could she: Mother had a significant history of substance abuse and continued to use methamphetamine throughout the juvenile neglect case; since August 2011, the children had been in Mother's care for only one month, at which time they were removed from Mother's home and placed in the custody of DFS due to her abuse and neglect; Mother had not completed substance abuse treatment, parenting classes, or counseling, or otherwise addressed the issues that led to DFS taking custody of the children; and Mother remained incarcerated on two counts of felony child abuse and one count of felony sale of a controlled substance, with a scheduled release in 2020. Finally, Mother's failure to respond to the petition for approximately four months constituted culpable conduct that led to her default. As the district court noted, "[i]gnorance of the law or rules of procedure does not justify relief from an entry of default." The record reveals no "genuine emergency" that would excuse Mother's neglect. See In re HLL , 2016 WY 43, ¶ 35, 372 P.3d at 192. The district court reasonably found that Mother did not show good cause to set aside the entry of default.
CONCLUSION
[¶16] The three-factor test applied in civil actions to determine a motion to set aside the entry of default judgment is properly applied in proceedings to terminate parental rights. The district court did not abuse its discretion when it applied that test and weighed the three factors to deny Mother's motion to set aside the entry of default against her. Affirmed.

Neither of the fathers responded to the petition, and the district court subsequently terminated their parental rights by default judgment.

Although Mother testified that she had tried to contact her former attorney, these attempts occurred prior to receiving the termination petition.