# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 130

**OCTOBER TERM, A.D. 2020**

**October 6, 2020**

SONNY PILCHER, individually, and d/b/a C.C.
COWBOYS, INC.,

Appellant
(Defendant),

v.                                                                              S-19-0285

MONTY ELLIOTT, individually, and d/b/a
OMEGA CONSTRUCTION,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*

> *Seth D. Shumaker, Seth Shumaker Attorney at Law, Sheridan, Wyoming.*

*Representing Appellee:*

> *Stephen R. Winship, Winship & Winship, P.C., Casper, Wyoming.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]   CC Cowboys, Inc., appeals the district court's denial of a motion to set aside default judgment against it after it failed to answer a writ of garnishment.  Despite numerous procedural infirmities, we will address the merits of the appeal and affirm.

*ISSUE*

[¶2]   Did CC Cowboys waive its objection to personal jurisdiction by appearing in the proceeding without making that objection?

*FACTS*

[¶3]   The complaint that initiated this action was filed in 2008.  In 2015, Mr. Elliott obtained a judgment of $120,672.50 that grew with interest to $161,205.24 by 2018.  Mr. Elliott's efforts to collect eventually led to an August 2018 Writ of Garnishment of Mr. Pilcher's earnings from Rack's Gentlemen's Club (Rack's), the Casper business operated by CC Cowboys, Inc. ("CC Cowboys"), a Wyoming corporation.  Mr. Pilcher is an employee of CC Cowboys as well as its president.

[¶4]   Mr. Pilcher did not exercise any of his rights as an employee whose earnings are being garnished.  CC Cowboys, the garnishee, neither answered nor objected.  Instead, Mr. Pilcher filed an "Emergency Motion to Quash Writ of Garnishment and for Finding [Mr. Elliott's attorney] in Contempt of Court."  The motion was brought by Sonny Allan Pilcher ("defendant") and signed by Sonny Pilcher.  It did not purport to be filed on behalf of CC Cowboys or Rack's.  Mr. Elliott thereafter sought default judgment against CC Cowboys d/b/a Rack's, pointing out that it had neither answered nor objected to the writ, and that Mr. Pilcher had no standing to object to the writ and therefore his motion to quash was "not cognizable."

[¶5]   Mr. Pilcher then filed numerous unsuccessful motions generally seeking to challenge the underlying judgment.  The district court entered default judgment against CC Cowboys for $161,205.24, noting that "Sonny Pilcher appear[ed] *pro se* for CC Cowboys, Inc. d/b/a Rack[']s Gentlemen's Club."  Mr. Pilcher filed a Notice of Appeal of that order March 5, 2019, again identifying himself as the party appealing.  This Court dismissed that appeal for want of prosecution.  Meanwhile, another non-attorney, Anthony MacMillan, the principal of CC Cowboys' payroll processor, filed a pleading captioned "CC Cowboys['] Motion to Vacate Default Judgment and Affidavit in Support."  The matter was then stayed for approximately three months by proceedings in bankruptcy court.

[¶6]   Three days after this Court dismissed Mr. Pilcher's March 5 appeal, Mr. MacMillan, the non-attorney payroll processor, filed a "Motion to Set Aside Default

1

Judgement Against CC Cowboys," which he signed "For CC Cowboys, Inc." Mr. Elliott filed a response, arguing the motion should be stricken because Mr. MacMillan had no standing to file it and, as a non-attorney, could not represent CC Cowboys. As to the merits, Mr. Elliott asserted that the motion to set aside provided no grounds cognizable under W.R.C.P. 60. The district court held a hearing on this and various other motions and, in its order filed October 17, 2019, agreed with Mr. Elliott and denied the motion to set aside default judgment against CC Cowboys. The court permitted Mr. Pilcher and Mr. MacMillan to appear and "argue their points at [the] hearing," but instructed them to hire counsel for all future filings and appearances. Ignoring that instruction, Mr. Pilcher filed a Notice of Appeal on October 23, 2019, which he signed over the typewritten "CC Cowboys Inc. C/O Sonny Pilcher, President." The notice indicates the appeal is of the October 17 order, but does not attach the certificate or the appendices required by W.R.A.P. 2.05 and 2.07. Mr. Pilcher filed a Second Amended Notice of Appeal October 28, 2019, which he signed in the same capacity. This notice identifies denial of CC Cowboys' motion to set aside default judgment against it as one of the issues being appealed but, again, fails to attach the materials required by the Wyoming Rules of Appellate Procedure.

[¶7]   By October 29, 2019, Mr. Pilcher may have realized the need for a corporation to be represented by counsel because, on that date, he filed in the district court a new "Motion to Vacate Default Judgement Against CC Cowboys, Inc. Pursuant to Rule (101)(b)[1] and Rule 60(b)," in which he argued the default judgment should be vacated because CC Cowboys was not represented by counsel at the February 22, 2019 hearing. (On the other hand, Mr. Pilcher signed this pleading as "Sonny Pilcher, President of CC Cowboys, Inc.")

[¶8]   On November 1, the district court denied that motion,[2] and Mr. Pilcher then filed his "Third Amended Notice of Appeal" to include the November 1 Order. In January 2020, this Court ordered Mr. Pilcher to obtain counsel for CC Cowboys, and he did. In April, he filed a motion seeking leave for CC Cowboys' counsel to provide a signature to indicate, retroactively, that the corporation was represented by counsel at the time of filing. This Court denied that request. Mr. Elliott filed a motion to dismiss the appeal, pointing to the failures to comply with the Wyoming Rules of Appellate Procedure and the fact the notices of appeal were not filed by counsel. The Court took the motion under advisement.

---

[1] This is likely a reference to the Uniform Rules for District Courts Rule 101(b).

[2] The district court lost jurisdiction to rule on that issue because it was the subject of the earlier appeal. *See Mantle v. North Star Energy & Constr. LLC*, 2019 WY 54, ¶ 11, 441 P.3d 841, 845 (Wyo. 2019). We therefore do not address the appeal of this order.

## STANDARD OF REVIEW

[¶9]   We review decisions resolving motions for setting aside the entry of default or default judgment for abuse of discretion. *RDG Oil & Gas, LLC v. Jayne Morton Living Tr.*, 2014 WY 102, ¶ 10, 331 P.3d 1199, 1201 (Wyo. 2014).  Rule 60(b) is remedial and is intended to promote decisions on the merits when possible.  *Id.*  The trial court has wide discretion to grant or deny a Rule 60(b) motion, and we will not disturb the court's exercise of that discretion unless it was abused or clearly wrong.  *Id.* (citing *Nowotny v. L & B Contract Indus.*, 933 P.2d 452, 460 (Wyo. 1997)).  "The proponent of a motion to set aside default judgment has the burden of proving that he is entitled to relief."  *Rosty v. Skaj*, 2012 WY 28, ¶ 27, 272 P.3d 947, 957 (Wyo. 2012) (citing *Lykins v. Habitat for Humanity, The Heart of Wyo., Inc.*, 2010 WY 118, ¶ 10, 237 P.3d 405, 408 (Wyo. 2010)).

## DISCUSSION

[¶10]  Before we turn to the issue of personal jurisdiction raised in the Appellant's brief, we must address the procedural history of this case.

### A.     A corporation is separate from its officers

[¶11]  As a threshold matter, Mr. Pilcher is neither CC Cowboys nor CC Cowboys' attorney.  A corporation is a separate and distinct entity from its owners.[3]  *Mantle v. North Star Energy & Constr. LLC*, 2019 WY 29, ¶ 126, 437 P.3d 758, 798 (Wyo. 2019); *GreenHunter Energy, Inc. v. W. Ecosystems Tech., Inc.*, 2014 WY 144, ¶ 12, 337 P.3d 454, 459 (Wyo. 2014); *Kaycee Land & Livestock v. Flahive*, 2002 WY 73, ¶ 4, 46 P.3d 323, 325 (Wyo. 2002).  "The corporation and its directors and officers are similarly not the same personality."   1 Fletcher Cyc. Corp. § 25, Corporation distinct from shareholders, directors and officers (database updated September 2020).  The distinction separates the rights and liabilities of the corporation from those of its members and owners. *Id.*

### B.     A corporation cannot be represented by a non-attorney

[¶12] "Corporations and unincorporated associations (other than partnerships and individual proprietorships) may appear only through an attorney licensed to practice in

---

[3] The caption in this case which designates "Sonny Pilcher, individually, and d/b/a C.C. Cowboys, Inc.," may have been a clerical error by this Court.  "[A] DBA is no more than an assumed or trade name. And it is well-settled that a trade name has no legal existence."  *Steer Wealth Mgmt., LLC v. Denson*, 537 S.W.3d 558, 567 (Tex. App. 2017) (quoting *Kahn v. Imperial Airport, L.P.*, 308 S.W.3d 432, 438 (Tex. App. 2010)).

Wyoming." U.R.D.C. 101(b). "It is well established that a person who is not an attorney is not entitled to appear in court for a corporation regardless of his interest in or association with it." *Aviation Maint. Publishers, Inc. v. Capital Corp.*, 740 P.2d 940, 941 (Wyo. 1987) (dismissing appeal because it was filed by president and shareholder of Aviation Maintenance Publishers, a non-attorney). *See also E.C. Cates Agency, Inc. v. Barbe*, 764 P.2d 274, 275-76 (Wyo. 1988) (recognizing the appellant's lack of corporate representation contravenes this Court's holding in *Aviation Maint.*); *and Linde v. Bentley*, 482 P.2d 121, 123 (Wyo. 1971) (affirming the trial court's decision to strike all pleadings filed by a non-attorney or treat them as a nullity). In *Starrett v. Shepard*, this Court affirmed denial of the Starretts' motion for default judgment even though Mr. Shepard's motion to quash service of summons was filed by a non-attorney officer of third-party defendant, Northwest Carriers, Inc. 606 P.2d 1247, 1253 (Wyo. 1980). In that case, this Court found the non-attorney representation was very limited and agreed with the trial court that it was "cured" by the appearance of Northwest through an attorney at the next hearing. *Id.*

[¶13] Unlike in *Starrett*, CC Cowboys did not appear at the very next hearing with counsel. Instead, Mr. Pilcher appeared personally, or with a non-attorney associate of CC Cowboys, and litigated the matter for more than a year before he personally filed this appeal. Even then, counsel did not enter an appearance for CC Cowboys until ordered to do so by this Court. CC Cowboys' non-attorney representation was neither limited nor cured.

## C.      The garnishee is the employer, CC Cowboys

[¶14] Mr. Pilcher has also misunderstood his role as a judgment debtor in a garnishment proceeding. A writ of garnishment is a means of reaching the tangible or intangible personal property of a defendant. Wyo. Stat. Ann. §§ 1-15-102(viii), -401 through -425 (LexisNexis 2019). A writ of continuing garnishment is a means of withholding a portion of an employee/judgment debtor's earnings from his employer/garnishee. Wyo. Stat. Ann. §§ 1-15-408, -501 through -511 (LexisNexis 2019).[4] In a writ of continuing garnishment, the employee/judgment debtor cannot challenge the validity of the underlying debt; his only option is to file a written objection to the calculation of the amount of earnings exempt from garnishment. Wyo. Stat. Ann. § 1-15-507. Mr. Pilcher did not avail himself of that option. Likewise, the employer/garnishee may not challenge the validity of the garnishment; it has only to answer the writ and tender the appropriate amount of money to the judgment creditor. Wyo. Stat. Ann. § 1-15-506. Service of a writ of garnishment on a garnishee is similar to service of a summons. Wyo. Stat. Ann. § 1-15-505. A garnishee that fails to answer or tender payment may be subject to default

---

[4] The underlying writ is not in the record on appeal but, because it appears to be an attempt to garnish Mr. Pilcher's earnings from CC Cowboys, we consider it a writ of continuing garnishment.

judgment. Wyo. Stat. Ann. § 1-15-414. CC Cowboys failed to answer the writ of garnishment, therefore, the court appropriately entered default judgment against it.

[¶15] The district court allowed CC Cowboys to appear and argue its motion to set aside default judgment at its October 9, 2019 hearing. It denied that motion in its October 17 order, and it instructed CC Cowboys "to be represented by counsel in all further matters pursuant to Rule 101(b) of the [U.R.D.C.]" We find that pleadings thereafter ostensibly filed by CC Cowboys are a nullity. However, this Court instructed CC Cowboys to obtain counsel in this appeal, which it did. We will therefore briefly address the merits raised by Appellant.

**D.  CC Cowboys waived its objections to personal jurisdiction**

[¶16] CC Cowboys now contends it was not properly served with the writ. It argues that the "question of jurisdiction is one that cannot be waived and may be raised for the first time on appeal," but it fails to recognize the difference between personal and subject matter jurisdiction. "There are two types of jurisdiction—personal jurisdiction and subject matter jurisdiction. Personal jurisdiction refers to the power of a court to make an adjudication applicable to a person, while subject matter jurisdiction refers to the power of a court to hear and determine certain classes of cases." *Crofts v. State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 38, 367 P.3d 619, 628 (Wyo. 2016) (citations omitted). Personal jurisdiction can be waived; subject matter jurisdiction cannot. *Cotton v. Brow*, 903 P.2d 530, 531 (Wyo. 1995). Objection to personal jurisdiction must be made at the earliest opportunity, otherwise it is waived. *Operation Save Am. v. City of Jackson*, 2012 WY 51, ¶¶ 54-55, 275 P.3d 438, 455-56 (Wyo. 2012) (citing *JAG v. State Dep't of Family Servs.*, 2002 WY 158, ¶ 13, 56 P.3d 1016, 1019 (Wyo. 2002)); *see also Walton v. State ex rel. Wood*, 2002 WY 108, ¶ 10, 50 P.3d 693, 697 (Wyo. 2002) (personal jurisdiction deemed waived if not questioned at the earliest opportunity). The district court allowed Mr. Pilcher to appear on behalf of CC Cowboys. He made various objections to the writ but did not raise the issue of the adequacy of the service, therefore it is waived.

[¶17] The judgment of the district court denying the motion to set aside default judgment against CC Cowboys is therefore affirmed.