# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 27

### OCTOBER TERM, A.D. 2020

*February 12, 2021*

LEAH RUTH RUSH,

**Appellant**
**(Defendant),**

**v.**

S-20-0104

JOSEPH ROBERT GOLKOWSKI,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*
    Amanda K. Roberts of Lonabaugh & Riggs, LLP, Sheridan, Wyoming

*Representing Appellee:*
    Jennifer A. Reece of Reece Law, LLP, Casper, Wyoming

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Chief Justice**.

[¶1]    Joseph Golkowski ("Father") petitioned for an order modifying custody and support following Leah Rush's ("Mother's") relocation with the parties' minor children.  Mother failed to answer or otherwise respond, and upon Father's request, the clerk of court entered default.  Three days after the district court set a default hearing on the petition, Mother moved to set aside the entry of default and to vacate the hearing.  The court denied the motion, held the hearing, and modified the decree of divorce to award Father primary custody of the children.

[¶2]    On appeal, Mother challenges the denial of her request to set aside the entry of default and for a continuance of the hearing.  She also challenges the district court's decision to limit her participation in the default hearing.  Finally, she challenges the court's findings in support of its custody modification.  We affirm.

## ISSUE

[¶3]    Mother presents three issues on appeal, which she states as follows:

> 1) Did the District Court err when it denied Mother's motion to set aside entry of default and vacate default hearing?
>
> 2) Did the District Court err when it precluded Mother from presenting affirmative evidence during the default hearing?
>
> 3) Did the District Court err when it modified custody because reasonable visitation was still available to Father?

## FACTS

[¶4]    After a trial on the merits, Father and Mother were divorced on February 13, 2019.  They had two children who were eight and nine at the time of the divorce.  Following trial, the district court found that the best interests of the children would be served by an award of primary physical custody to Mother, with Father being awarded reasonable visitation.

[¶5]    At the time the decree of divorce was entered, both Mother and Father resided in Casper, Wyoming, and there was no indication that either party intended to move.  Accordingly, Father was awarded visitation every other weekend from 6:00 p.m. on Thursday until the following Monday at 8:00 a.m.

[¶6]    Approximately five months after the decree was entered, on July 16, 2019, Mother notified Father by e-mail that she was moving to Billings, Montana with the minor children to take advantage of a job opportunity.  Due to her move with the children, Father's

1

visitation was diminished because he had to travel, at his own expense, from Casper to Billings for visits, and he could no longer participate in the children's extracurricular activities, including coaching their football team.

[¶7]    On November 14, 2019, Father filed a petition to modify custody, visitation, and support, which requested that he be awarded primary physical custody with alternating weekend and holiday visitation to Mother.  He claimed that Mother had moved three times and "created an unstable home environment for the minor children."  He also alleged that although she informed him that she moved to Billings, Montana for a job opportunity, she had since quit that job and was contemplating removing the minor children from school and homeschooling them.

[¶8]    Mother was personally served with the petition at her home in Billings.  She was required to answer or otherwise plead on or before December 26, 2019.  She failed to do so, and on December 27, 2019, Father requested entry of default, which was entered by the clerk of court that same day.  Nearly a month later, on January 22, 2020, the court set a default hearing for February 27, 2020, and notified Mother by mailing a copy of the setting to her address in Billings.

[¶9]    Over a month later, on February 24, 2020, Mother moved to set aside the default and to vacate the default hearing that was scheduled to take place in just three days.   She asserted that she had been unable to obtain representation, which prevented her from responding in a timely manner.  She also reported that she and counsel were "currently finalizing and having notarized [her] response to [Father's] Petition."  Mother's counsel did not attach a copy of the response, but stated that it was being completed by mail, and that it would "be delivered to the [c]ourt shortly."

[¶10]  After hearing offers of proof and argument at the February 27, 2020 hearing, the district court found that Mother had failed to show good cause to set aside the entry of default, and it noted that she still had not filed a response or answer to the petition to modify.  Therefore, it denied her request to set aside the default and proceeded with the default hearing.

[¶11]  At the default hearing only Father testified, and the court did not allow Mother to present evidence or to testify.  Mother's counsel was permitted to cross-examine Father, to make objections, and to submit a written closing argument.  The district court also allowed Mother to submit a confidential financial affidavit.

[¶12]  After counsel for both parties filed written closing arguments, the district court, "on a default basis, and based on the Father's uncontroverted testimony at the hearing," found that he had met his burden of proving a material change in circumstances that warranted a modification in custody and support.  The court weighed the statutory factors for determining the children's best interests, as well as factors related to relocation, and it

found that their best interests would be better served by awarding the care, custody, and control of the children to Father with reasonable visitation for Mother.

[¶13] The court noted that it originally awarded physical custody to Mother with more liberal visitation to Father because Mother was the primary caregiver. However, it found that Mother's relocation significantly curtailed Father's visitation and distanced the children from extended family who had close relationships with them. Consequently, it found "that the best interest of the children will be served by an award of care, custody, and control to the Father and the children shall live with him upon completing the currently scheduled school year on May 29, 2020 in Billings, Montana." (Emphasis omitted.) The court awarded Mother "alternating weekend visitation with the minor children from Friday at 5:00 p.m. to Sunday at 5:00 p.m.," subject to a holiday and summer visitation schedule set forth in the order. The court further ordered that the parties shall meet half-way to exchange the children, with each party to be responsible for their own expense in transporting the children to and from the visitation exchange point.

[¶14] Mother timely appealed the district court's denial of her request to set aside the entry of default and the modification of custody.

## **DISCUSSION**

[¶15] Mother claims that the district court erred when it denied her motion to set aside the entry of default and proceeded to an evidentiary hearing on the matter. She further contends that the court abused its discretion and violated her due process rights when it restricted her from testifying and presenting evidence on the best interests of the children during the default proceeding. She also argues that the court failed to properly consider the factors derivative of relocation when it ordered a modification of custody.

[¶16] We will address each of these claims in turn, but at the outset, we note that our review of the district court's order is constrained because Mother did not provide us with a transcript of the proceedings below, nor obtain a statement of the evidence as permitted by W.R.A.P. 2.05 and 3.03. We have cautioned that "[t]he appellant bears the responsibility of bringing forth a sufficient record for the Court's review. When [s]he does not, we assume that the district court's orders and rulings were correct, and summarily affirm the district court's decision." *Rammell v. Mountainaire Animal Clinic, P.C.*, 2019 WY 53, ¶ 30, 442 P.3d 41, 49 (Wyo. 2019) (quoting *Rigdon v. Rigdon*, 2018 WY 78, ¶ 15, 421 P.3d 1069, 1074 (Wyo. 2018)). To the extent that we can assess the district court's exercise of discretion based on the limited record before us, we shall do so. Otherwise, we will summarily affirm.

3

## I.   *Denial of Mother's Motion to Set Aside Entry of Default*

[¶17]   We review decisions resolving motions for setting aside the entry of default or default judgment for an abuse of discretion. *Pilcher v. Elliott*, 2020 WY 130, ¶ 9, 473 P.3d 1251, 1253 (Wyo. 2020); *Matter of EMM*, 2018 WY 36, ¶ 8, 414 P.3d 1157, 1159 (Wyo. 2018). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances . . . ." *Brown v. Jerding*, 2020 WY 123, ¶ 11, 472 P.3d 1038, 1041 (Wyo. 2020). "In determining whether the court abused its discretion, we consider whether it could reasonably conclude as it did, and whether it acted in an arbitrary and capricious manner." *Matter of LDB*, 2019 WY 127, ¶ 11, 454 P.3d 908, 912 (Wyo. 2019) (internal quotation marks omitted).

[¶18]   The right to have an entry of default set aside is not absolute. *Booth v. Magee Carpet Co.*, 548 P.2d 1252, 1255 (Wyo. 1976); *see also U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, 664 P.2d 121, 126 (Wyo. 1983). Instead, Rule 55(c) allows an entry of default to be set aside "for good cause." W.R.C.P. 55(c); *see also Vanasse v. Ramsay*, 847 P.2d 993, 999 (Wyo. 1993). A defaulting party bears the burden of showing good cause based on one of the justifications for relief under Rule 60(b), which may include a showing of "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief" from the operation of the judgment. W.R.C.P. 60(b); *see also EMM*, ¶¶ 8, 10, 414 P.3d at 1159-60; *In re HLL*, 2016 WY 43, ¶¶ 33-34, 372 P.3d 185, 192 (Wyo. 2016). "Defaults are not preferred in child custody cases, so if there is good cause to set aside entry of default or justification under Rule 60(b) to set aside a default judgment," the court should readily grant relief. *Brush v. Davis*, 2013 WY 161, ¶ 21, 315 P.3d 648, 654 (Wyo. 2013).

[¶19]   "In exercising its discretion, a trial court must consider three factors when resolving a motion to set aside the entry of default: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default." *EMM*, ¶ 11, 414 P.3d at 1160 (internal quotation marks omitted) (citing *HLL*, ¶ 36, 372 P.3d at 192). "[N]o single factor is dispositive of the issue, and the ultimate determination . . . is made by weighing or balancing the conclusions on the individual factors against one another." *EMM*, ¶ 13, 414 P.3d at 1160.

[¶20]   The district court considered the three factors and made the following findings:

> 7.      The Court finds that Plaintiff has been prejudiced by Defendant's actions in this matter. Plaintiff filed his *Verified Petition to Modify Custody, Visitation, and Support* as a result of Defendant moving to Montana with the minor children as his visitation with the minor children has been substantially reduced. Further, Defendant has yet to file a response to the

4

*Verified Petition to Modify Custody, Visitation, and Support* despite the default being entered on December 27, 2019 – well before the hearing on this matter.

8.     The Court finds that Defendant does not have a meritorious defense in this matter.  Defendant argues that she was unable to hire legal counsel to assist her in responding to Plaintiff's *Verified Petition to Modify Custody, Visitation, and Support* yet the Court notes that Defendant filed at least two (2) pleadings without counsel in the initial divorce matter and has demonstrated a basic knowledge of responding to and/or filing pleadings.

9.     The Court finds that Defendant's conduct did lead to the default.  Defendant wholly failed to answer or respond in any way to the *Verified Petition to Modify Custody, Visitation, and Support*.  The Court does not find Defendant's explanation that she was unable to secure legal counsel to assist her in responding to the *Verified Petition to Modify Custody, Visitation, and Support* within the thirty (30) days persuasive. Further, the Court finds that it was Defendant's move that [led] to Plaintiff filing the *Verified Petition to Modify Custody, Visitation, and Support* in the first instance.

**A.     *Prejudice to Father***

[¶21]  The prejudice factor requires a trial court to weigh whether a plaintiff will be substantially prejudiced if an entry of default is set aside and the matter proceeds on its merits. *RDG Oil & Gas, LLC v. Jayne Morton Living Tr.*, 2014 WY 102, ¶¶ 18, 24, 331 P.3d 1199, 1203-05 (Wyo. 2014) (upholding finding that plaintiff would be prejudiced if default was set aside because defendant delayed filing a motion to set aside default and plaintiff relied on it to its detriment); *Nowotny v. L & B Contract Indus., Inc.*, 933 P.2d 452, 461 (Wyo. 1997) ("We have equated prejudice with reliance upon the entry of default by the plaintiff to its detriment."); *Carlson v. Carlson*, 836 P.2d 297, 304 (Wyo. 1992)); *see also Krowtoh II LLC v. ExCelsius Int'l Ltd*, 330 F. App'x 530, 535 (6th Cir. 2009).

[¶22]  The relevant inquiry must be directed to the harm to the plaintiff from setting aside the default, not the harm that the plaintiff has alleged as a basis for its requested relief. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011).  We have said that the prejudice to the plaintiff must be concrete, such as a "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Largent v. Largent*, 2008 WY 106, ¶ 14, 192 P.3d 130, 135 (Wyo. 2008) (quoting *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008)).

5

[¶23] Although we have upheld findings that a plaintiff was prejudiced because setting aside the default would delay proceedings, delay alone generally will not suffice to establish prejudice. *Dassault Systemes,* 663 F.3d at 842 ("Delay alone is not a sufficient basis for establishing prejudice."); 10A Wright & Miller, *Federal Practice and Procedure Civ.* § 2699 (4th ed. Oct. 2020 update) ("[T]he fact that reopening the judgment would delay plaintiff's possible recovery has not, in itself, been deemed to bar relief."). We have upheld a finding of prejudice based on delay in cases in which the matter had been pending for an extended time and the need for a decision was particularly pressing. *See, e.g.*, *EMM*, ¶¶ 14-15, 414 P.3d at 1160-61 (upholding finding of prejudice where delay in proceeding would delay permanency for children who had already been in state custody for over eight hundred days); *HLL*, ¶¶ 10-13, 37, 372 P.3d at 188, 192 (similarly upholding finding of prejudice where children had been in state custody for over two years).

[¶24] The district court found that Father would be prejudiced by setting aside the default by the loss of visitation he had already experienced due to Mother's relocation, and which he would presumably continue to experience if the proceedings were delayed. Although certainly Father's visitation was impacted and would continue to be impacted if resolution of the proceedings were delayed, this is not the type of prejudice that the court should have considered in determining whether to set aside the default.

[¶25] First, it improperly shifted the court's focus to the harm caused by Mother's relocation, rather than on the harm caused by setting aside the default. Additionally, if the court was concerned that a delay would adversely affect the children, it could have entered a temporary custody order to address that concern. *See* Wyo. Stat. Ann. § 20-2-112(b) (LexisNexis 2019); *Womack v. Swan*, 2018 WY 27, ¶ 12, 413 P.3d 127, 133 (Wyo. 2018) ("Wyo. Stat. Ann. § 20-2-112(b) . . . empowers district courts to issue temporary orders in a custody proceeding, on the application of either party.").

[¶26] Because of the district court's incorrect focus in determining whether Father would be prejudiced by setting aside the entry of default, we conclude that it abused its discretion in weighing this factor. *Ianelli v. Camino*, 2019 WY 67, ¶ 21, 444 P.3d 61, 66 (Wyo. 2019) ("Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them."). That does not, however, end our inquiry. We may affirm the court's decision on any ground supported by the record. *Sparks v. State*, 2019 WY 50, ¶ 22, 440 P.3d 1095, 1103 (Wyo. 2019). Since no one of the three factors that guide a court's discretion on a motion to set aside is determinative, and a court may deny such a motion even if the plaintiff would not be prejudiced by granting it, we turn to the court's findings on the remaining factors. *See EMM*, ¶¶ 12-13, 414 P.3d at 1160.

**B.** *Meritorious Defense*

[¶27] A showing of a meritorious defense requires more than a bare assertion. *U.S. Aviation, Inc.*, 664 P.2d at 127 ("Before granting a Rule 55(c) motion, the court generally requires the party in default to demonstrate a meritorious defense to the action as a prerequisite to vacating the default judgment. The assertion, without supporting facts, that meritorious defenses to the original claim exist is not sufficient to meet that burden." (citations omitted)); *cf. S.C. Ryan, Inc. v. Lowe*, 753 P.2d 580, 582 (Wyo. 1988) (affidavits demonstrating appellee had a meritorious defense were sufficient to show "more than a bald conclusion" of meritorious defense). As to this factor, Mother's motion to set aside stated only that:

> The Defendant has a meritorious defense in that she is the current primary physical custodian of the parties' minor child and should be afforded an opportunity to respond to the Plaintiff's Petition, as the Defendant's position is that the best interests of the minor children involve the Defendant maintaining primary physical custody.

[¶28] The motion referred to no supporting facts, and as of the time of the default hearing, she had failed to respond to Father's petition and its underlying allegations. This, coupled with the fact that Mother did not designate a record that included a transcript of the proceedings containing any offers of proof[1] or secure a statement of the evidence, makes it impossible for us to conclude that the district court abused its discretion in finding that Mother failed to present a meritorious defense to Father's petition. *See Rammell*, ¶ 30, 442 P.3d at 49 ("[T]he appellant bears the responsibility of bringing forth a sufficient record for the Court's review. When [s]he does not, we assume that the district court's orders and rulings were correct, and summarily affirm the district court's decision."); *In re Paternity of HLG*, 2016 WY 35, ¶ 29, 368 P.3d 902, 909 (Wyo. 2016) ("In general, when a party fails to make an offer of proof to show the substance of the evidence that would have been presented, she waives any argument that the district court abused its discretion by refusing the evidence."); *Guy-Thomas v. Thomas*, 2015 WY 35, ¶¶ 10, 12, 344 P.3d 782, 786 (Wyo. 2015) ("Failure to object constitutes waiver of whatever alleged error occurred, unless the error rises to the level of plain error. . . . Given the failure to [present an offer of proof], we consider the argument waived and can only conclude that the district court did not abuse its discretion."); *Lykins v. Habitat for Humanity*, 2010 WY 118, ¶ 11, 237 P.3d 405, 408 (Wyo. 2010) ("The failure to provide a transcript does not necessarily require dismissal of an appeal, but our review is restricted to those allegations of error not requiring inspection of the transcript. Lacking a transcript, or a substitute for the transcript, the regularity of

---

[1] Although the order reflects that the district court considered offers of proof, it does not indicate who made them or what they contained.

the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed.").

## C.    *Culpable Conduct*

[¶29]   With respect to the last factor, we have held that "[s]ufficient grounds for relief do not exist when a party is dilatory in obtaining legal counsel and default . . . is entered . . . ." *Whitney v. McDonough*, 892 P.2d 791, 794 (Wyo. 1995).  The failure to find and hire an attorney does not alone therefore constitute excusable neglect justifying relief from an entry of default.  *See, e.g.*, *Whitney*, 892 P.2d at 794 (finding that there were not sufficient grounds to set aside a default when appellant testified that he failed to answer the complaint because he was unable to hire an attorney); *Matter of Injury to Seevers*, 720 P.2d 899, 903 (Wyo. 1986) ("failure to consult an attorney for nearly two months is not such excusable neglect as would justify relief"); *Booth*, 548 P.2d at 1254-55 (failure to hire an attorney until fifty-three days following service of the complaint does not equate to the actions of a reasonable prudent man and there is no abuse of discretion in denying the motion to set aside default).

[¶30]   We have only Mother's claim that she was unable to secure counsel and file any type of motion until approximately ninety-one days after she was served with Father's petition.  Additionally, the record shows that it took Mother another twenty-eight days after she was given notice of the default hearing to file a motion to set aside the default, which failed to include any factual response to Father's petition.  On this record, we cannot conclude that the district court abused its discretion in finding that Mother's culpability led to the default.

[¶31]   Although we find that the district court misapplied the prejudice factor, the limited record we have on the other factors support the district court's findings and decision to deny Mother's Rule 55 motion to set aside the default.  Accordingly, we affirm the district court's decision denying Mother's motion.

## II.    *Mother's Right to Present Affirmative Evidence on Children's Best Interests*

[¶32]   Although the district court denied Mother's motion to set aside the entry of default, it nonetheless required Father to prove that the court should modify custody and visitation. Accordingly, the matter proceeded to an evidentiary hearing on whether there was a substantial change in circumstances warranting a modification, and whether a modification was in the best interests of the minor children.  However, since Mother was in default, the court limited Mother's participation by only allowing her counsel to cross-examine witnesses and object to evidence.  Mother's counsel was also permitted to submit a written closing argument for the court's consideration.  Mother claims that in restricting the evidence to the noncustodial parent's testimony when considering the best interests of the

8

children, the court violated her due process rights and infringed on the children's fundamental rights.

[¶33] Whether an individual was afforded due process is a question of law that we review de novo. *Matter of NRAE*, 2020 WY 121, ¶ 12, 472 P.3d 374, 377 (Wyo. 2020). We have explained:

> The party claiming an infringement of his right to due process has the burden of demonstrating both that he has a protected interest and that such interest has been affected in an impermissible way. The question is whether there has been a denial of fundamental fairness.

*Brush*, ¶ 16, 315 P.3d at 653.

[¶34] The difficulty with this argument is that we again do not have a transcript of the evidentiary hearing before the district court or a court-approved statement of the evidence. We thus have no way of assessing whether Mother's protected interest was infringed upon in an impermissible way. *See Zaloudek v. Zaloudek*, 2009 WY 140, ¶ 12, 220 P.3d 498, 502 (Wyo. 2009) (finding that in absence of a transcript the Court was unable on appeal to evaluate claims of fundamental procedural errors that allegedly denied the appellant due process because no such errors are reflected in the record). We have no idea what Mother might have proved if she had not been limited in presenting evidence as she was, because without a transcript we do not know if Mother made an offer of proof or what it contained. *See Van Fleet v. Guyette*, 2020 WY 78, ¶ 29, 466 P.3d 812, 821 (Wyo. 2020) ("Because Father did not make an offer of proof to establish the relevance of the child's testimony to the motions hearing, we have no way to gauge its admissibility or any prejudice that may have resulted from its exclusion.").

[¶35] We also note that because of the lack of a transcript, we do not know whether Mother raised her due process claim in the district court. We normally do not consider issues not raised or argued in the district court, except for those issues which are jurisdictional or are fundamental in nature. *Smith v. Kelly*, 2019 WY 60, ¶ 22 n.5, 442 P.3d 297, 302 n.5 (Wyo. 2019). Simply asserting that there is a constitutional violation does not make an issue fundamental in nature. *Crofts v. State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 24, 367 P.3d 619, 625 (Wyo. 2016); *Womack*, ¶ 11 n.2, 413 P.3d at 133 n.2. For this reason and those stated above, we are unable to and will not address Mother's due process claim or her claim that the children's rights were impermissibly infringed upon.

## III.   *Whether Court Made Proper Findings to Support Modification*

[¶36] In her final issue, Mother argues that the court erred in analyzing the best interests of the minor children because it "failed to consider whether reasonable visitation was still

available to Father under the requisite relocation factors." She further contends that the "order is strikingly silent regarding how the children have fared under the original custody and visitation arrangement." "We review a district court's decision on a petition to modify child custody for an abuse of discretion, and we will not disturb the decision absent a procedural error or a clear abuse of discretion." *Ianelli*, ¶ 20, 444 P.3d at 66.

[¶37] First, with respect to whether reasonable visitation was still possible for Father after Mother moved, the district court made numerous findings. It found that under the original decree, Father was able to see his children for four nights every other weekend, and that had been effectively reduced to two nights. It also noted that when Mother returns to Casper from Billings, she has refused to allow Father to see the minor children, asserting that there was "no time." It found that Mother's move significantly thwarted Father's ability to maintain the same close relationship with his children, which included attending school activities and coaching them in football. It further found that for Father to spend the weekend with his children, they would have to forgo the activities that Mother signed them up for, and that a great deal of travel was required for the minor children and Father for a relatively short visit, which was at Father's expense. Accordingly, the modification order does show that the court considered whether reasonable visitation was still possible for Father, and that the factor weighed in favor of Father.

[¶38] With respect to the children's best interests, we have said that "when the custodial parent relocates, additional non-exclusive factors may be important to the best interests analysis . . . includ[ing] 'the attributes and characteristics of the parents and children and how the children have fared under the original custody and visitation arrangement, the relocating parent's motives for proposing the move, and whether reasonable visitation is possible for the remaining parent.'" *Kimzey v. Kimzey*, 2020 WY 52, ¶ 33, 461 P.3d 1229, 1239 (Wyo. 2020) (quoting *Paden v. Paden*, 2017 WY 118, ¶ 11, 403 P.3d 135, 139 (Wyo. 2017)). Unless a party makes a request for findings under W.R.C.P. 52(a)(1)(A), however, a court "is not required to explicitly rule on the relocation factors as long as there is some indication it considered them." *Id.* ¶ 38, 461 P.3d at 1241.[2]

---

[2] In *Kimzey*, we did, however, encourage the district courts to make explicit findings to facilitate our review.

> As always, we "encourage district courts to place on the record the facts crucial to their child custody decisions" regardless of the lack of a mandatory requirement or a Rule 52(a)(1)(A) request. *Ianelli*, ¶ 41, 444 P.3d at 71 (Kautz, J., specially concurring) (citing *TW v. BM*, 2006 WY 68, ¶ 14, 134 P.3d 1262, 1266 (Wyo. 2006); *Fergusson v. Fergusson*, 2002 WY 66, ¶ 15, 45 P.3d 641, 645-46 (Wyo. 2002)). *See also Booth* [*v. Booth*, 2019 WY 5], ¶ 22, 432 P.3d [902,] 909 [(Wyo. 2019)] ("To play fair, a trial judge relying on discretionary power should place on record the circumstances and factors that were crucial to his determination. He should spell out his reasons as well as he can so that counsel and the reviewing

[¶39] The modification order reflects that the district court considered the relocation factors as they related to the best interests of the children. Mother does not contest those findings, and she did not request specific findings pursuant to Rule 52(a)(1)(A). We are therefore unable to find an abuse of discretion.

[¶40] Affirmed.

---

court will know and be in a position to evaluate the soundness of his decision.") (citations omitted).

*Kimzey*, ¶ 38 n.2, 461 P.3d. at 1241 n.2.