**Jason P. STARR, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 91–263.**

Supreme Court of Wyoming.

Dec. 20, 1991.

Jason P. Starr, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Barbara Boyer, Sr. Asst. Atty. and Larry M. Donovan, Sr. Asst. Attys., Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

PER CURIAM.

Appellant Jason Starr seeks review of an order of the district court denying his motion, made pursuant to W.R.Cr.P. 36, for correction of an illegal sentence. Starr claims his sentence of life imprisonment for first degree murder should be considered to merge with his sentence to a term of five to ten years for aggravated assault, even though the victims of these crimes were two different people. A second issue arises concerning credit for time served in presentence incarceration.

 The order denying Starr's motion for correction of sentence was entered on March 26, 1991. Starr filed his notice of appeal on April 3, 1991. Starr failed to make a designation of the record or order a transcript and, for those reasons as well as others, the record was not received by this court until December 5, 1991. The record on appeal must be docketed with this court not later than forty days after the notice of appeal is filed. W.R.A.P. 3.02. The record was not timely docketed with this court and, therefore, we will dismiss the appeal pursuant to W.R.A.P. 1.02. We will, however, treat Starr's appeal as a petition for writ of certiorari and grant that petition. Starr has asked for appointment of counsel but, due to the simplicity of the issues presented, we decline to make such appointment and we will dispose of the issues without requiring briefing or argument.

 Starr filed a motion for credit for presentence incarceration on February 6, 1986. It was denied by order entered on October 20, 1987. No appeal was taken. Starr was indigent and, thus, would be entitled to credit for presentence incarceration under usual circumstances. *Renfro v. State*, 785 P.2d 491 (Wyo.1990). Although Starr did not appeal the denial of his motion to correct his sentence, because an illegal sentence may be corrected at any time pursuant to W.R.Cr.P. 36, we opt to direct award of presentence incarceration off both the minimum five year sentence and the maximum ten year sentence imposed for aggravated assault. *Renfro*, 785 P.2d at 498 (numbered paragraphs 3 and 4). It is important to recognize that Starr was sentenced to five to ten years for aggravated assault and life for first degree murder. However, the sentences were made to run consecutively, with the five to ten year sentence directed to be served before the life sentence. Thus, Starr should have received credit for presentence incarceration.

 We might have considered the issue not ripe for adjudication had Starr been required to serve the life sentence first, and then the five to ten year sentence, since it is possible no issue could ever have arisen in that regard. Nonetheless, we note the better practice is to afford credit for time served in presentence incarceration where a prison term of years is meted out in conjunction with a life sentence, no

matter in what order the sentences are to be served. Starr sought credit for 153 days of incarceration before sentence. Neither the district court nor the State disputed that figure and we accept it as accurate for the limited purpose of awarding credit for time spent in presentence incarceration as raised in this cause. Starr, of course, will not receive any credit for time served in presentence incarceration on his life sentence for murder. By copy of this opinion to the Wyoming State Penitentiary, that correction should be effected if it has not already been accomplished.

 Only a brief recitation of the facts is necessary to refute Starr's contention that his crimes should merge and, hence, he should be required to serve only one sentence. Starr attacked his "common-law wife" at a race track in Evanston. He shot her in the head five times, causing her death. He then took several shots at a security guard who was employed by the race track. Finally, he shot himself in the head but survived. He was found guilty of murdering his wife. He was also found guilty of aggravated assault against the security guard. There simply is no question of double jeopardy because these were two separate and distinct acts of violence against two separate and distinct human beings. *See Duffy v. State,* 789 P.2d 821 (Wyo.1990); *Goodman v. State,* 601 P.2d 178 (Wyo.1979); *Vigil v. State,* 563 P.2d 1344 (Wyo.1977); *Loddy v. State,* 502 P.2d 194 (Wyo.1972), *cert. denied* 414 U.S. 1134, 94 S.Ct. 877, 38 L.Ed.2d 760 (1974).

In conclusion, the appeal is dismissed and a writ of certiorari granted. We deny the motion to appoint counsel. We affirm the district court's order denying the motion to correct an illegal sentence on the basis of merger of offenses. We grant Starr 153 days of credit off both the minimum and maximum of the five to ten year sentence for aggravated assault. The record shall be returned to the district court.

Affirmed as herein modified.

## ORDER DISMISSING APPEAL AND GRANTING PETITION FOR WRIT OF CERTIORARI

This case came before the Court upon its own motion in connection with a consideration of the jurisdiction of this Court to hear the appeal, and the Court, having reviewed the files and record, finds that the record on appeal was not timely filed in accordance with W.R.A.P. 3.02. Pursuant to W.R.A.P. 1.02, this court may take such action as it deems appropriate in order to enforce the Wyoming Rules of Appellate Procedure. In this instance, we shall dismiss the appeal.

However, finding that it is productive of judicial economy to consider the issues raised, we shall treat the appeal as a petition for writ of certiorari and grant that petition. It is therefore,

However, finding that it is productive of judicial economy to consider the issues raised, we shall treat the appeal as a petition for writ of certiorari and grant that petition. It is therefore,

ORDERED that the appeal be, and hereby is, dismissed. Further it is,

ORDERED that a writ of certiorari is granted for the purpose of reviewing the issues raised in the appeal. Further it is,

ORDERED that this court will treat the record currently available to the court as the certified record for purposes of disposing of the writ. Further it is,

ORDERED that briefing is unnecessary and having considered the issues raised in this cause, the judgment and sentence is affirmed subject to the modification for preconfinement sentence as provided in the opinion and decision of this Court concurrently rendered.