# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 93

### APRIL TERM, A.D. 2024

### August 29, 2024

RICKEY DEAN KEEFE,

Appellant
(Defendant),

v.                                                    S-24-0092

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
The Honorable Matthew F.G. Castano, Judge

*Representing Appellant:*
    *Pro se.*

*Representing Appellee:*
    Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**JAROSH, Justice.**

[¶1]    Rickey Dean Keefe, who appears pro se, was sentenced to three to six years in prison in 2020 on one charge of possession of methamphetamine with intent to deliver (2020 sentence).  While on parole in 2022, he was arrested and pled guilty to two new felony drug charges.  In 2023, the district court sentenced him to seven to ten years in prison on the 2022 convictions (2023 sentence) but did not specify if the sentence would run consecutive with or concurrent to the 2020 sentence.  After the Wyoming Board of Parole revoked Mr. Keefe's parole on the 2020 sentence and treated the 2023 sentence as consecutive, he filed a motion to correct the allegedly illegal sentence.  The district court denied the motion, and Mr. Keefe appealed claiming the district court was required to merge the sentences to run concurrently.  We affirm.

## ISSUE

[¶2]    Mr. Keefe did not state the issue on appeal as required by Wyoming Rule of Appellate Procedure (W.R.A.P.) 7.01(e).  Nonetheless, the issue is whether the district court abused its discretion when it denied Mr. Keefe's Motion to Correct An Illegal Sentence and ordered his sentences to run consecutively.

## FACTS

[¶3]    In 2016, Mr. Keefe pled guilty to possession with intent to distribute methamphetamine in violation of Wyo. Stat. Ann. § 35-7-1031(a)(i) (LexisNexis 2023).  The underlying charge related to an event that occurred in August 2015.  The district court sentenced Mr. Keefe to five to seven years in prison but suspended the sentence in favor of a split sentence of 276 days in county jail and six years of supervised probation.[1]  In 2017 and early 2020, Mr. Keefe admitted violating the conditions of his probation.  In both instances, the district court revoked his probation and reimposed the original sentence of five to seven years in prison but again suspended the prison sentence in favor of supervised probation.  In late 2020, Mr. Keefe admitted violating his probation a third time.  This time, the district court revoked his probation and imposed the 2020 sentence, which required him to serve three to six years in prison.

[¶4]    In July 2021, the Wyoming Board of Parole granted Mr. Keefe parole from his 2020 prison sentence.  However, Mr. Keefe was arrested on August 5, 2022, after he tested positive for methamphetamine during a visit by a parole agent and after a Gillette Police Department officer subsequently found methamphetamine at his home.  Mr. Keefe was charged with two felonies for his 2022 conduct:  1) possession of methamphetamine with

---

[1] With some exceptions not relevant here, Wyo. Stat. Ann. § 7-13-107(c) (LexisNexis 2023) permits a district court to suspend a sentence of imprisonment in favor of a "split sentence of incarceration followed by probation in any felony case including those in which the statute violated specifically provides for a sentence of imprisonment in the state penitentiary."

1

intent to deliver in violation of § 35-7-1031(a)(i); and 2) possession of methamphetamine in violation of § 35-7-1031(c)(ii). He pled guilty to both counts on December 1, 2022. In early 2023, the district court determined the two counts merged for sentencing because the possession charge was a lesser included offense to the possession with intent to deliver charge. The district court imposed a single prison sentence of seven to ten years. The court's judgment did not state whether the 2020 and 2023 sentences were consecutive or concurrent.

[¶5] On November 16, 2023, Mr. Keefe filed his Motion to Correct An Illegal Sentence pursuant to Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 35(a). Mr. Keefe claimed his 2023 sentence was illegal because the district court failed to specify whether it ran consecutive to or concurrent with the 2020 sentence and the Wyoming Board of Parole treated it as consecutive. The district court, citing *Mitchell v. State*, 2018 WY 110, ¶ 40, 426 P.3d 830, 841-42 (Wyo. 2018), denied the motion, finding "'[a] sentence is presumed to be consecutive when a sentencing court is silent on the concurrent or consecutive nature of a sentence . . . whether they are imposed in the same case, in different cases, or by different courts.'" The district court also expressly stated "[e]ven though the Court did not previously indicate concurrent or consecutive, it is this Court's ruling that the sentences shall run consecutively."

[¶6] Mr. Keefe filed a notice of appeal of the Order Denying Defendant's Motion to Correct An Illegal Sentence. The case took a brief detour due to a dispute over whether Mr. Keefe satisfied all the requirements under W.R.A.P. 2.09(a) for proceeding on appeal in forma pauperis. Relevant to the issue on appeal, the State argued one reason the appeal should not proceed was because, under *Mitchell*, Mr. Keefe's "second sentence is presumed to run concurrent to the sentence from his earlier case." We entered a separate order allowing Mr. Keefe's appeal to proceed.

## STANDARD OF REVIEW

[¶7] "We review the denial of a motion to correct an illegal sentence for an abuse of discretion." *Best v. State*, 2022 WY 25, ¶ 5, 503 P.3d 641, 643 (Wyo. 2022) (citing *Baker v. State*, 2011 WY 123, ¶ 10, 260 P.3d 268, 271 (Wyo. 2011). "However, we review de novo 'whether a sentence is illegal . . .'" *Id*. (quoting *Majhanovich v. State*, 2021 WY 135, ¶ 7, 499 P.3d 995, 997 (Wyo. 2021)).

## DISCUSSION

[¶8] Mr. Keefe asserts the district court erred in denying his Motion to Correct An Illegal Sentence because it was required to merge his 2020 and 2023 sentences so they would run concurrently. He also asserts the State should be bound by its prior statement that sentences are presumed to be concurrent instead of consecutive. These arguments are without merit.

2

[¶9]  Merger is a doctrine rooted in the double jeopardy clauses of the United States and Wyoming constitutions and is a matter of law we review de novo. *Winters v. State*, 2019 WY 76, ¶ 100, 446 P.3d 191, 221 (Wyo. 2019) (citing U.S. Const. amend. V; Wyo. Const. art. 1, § 11).  The double jeopardy clauses "afford three distinct protections:  '1) [P]rotection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense after a conviction; and 3) protection against multiple punishments for the same offense.'" *Sweets v. State*, 2013 WY 98, ¶ 20, 307 P.3d 860, 867 (Wyo. 2013) (quoting *James v. State,* 2012 WY 35, ¶ 12, 271 P.3d 1016, 1018 (Wyo. 2012), *overruled on other grounds by Sweets*, ¶ 50, 307 P.3d at 876) (other quotation omitted).  Mr. Keefe's claim of an illegal sentence implicates the third protection—against multiple punishments for the same offense.  When a defendant is convicted of more than one charge for the "same offense," the court is prohibited from imposing multiple sentences and must merge the convictions for sentencing.  *Bolen v. State*, 2024 WY 48, ¶ 38, 547 P.3d 961, 969 (Wyo. 2024).  For merger to apply, however, a court must impose multiple sentences for the same act.  *Sweets*, ¶¶ 24-27, 307 P.3d at 868-69; *see, e.g., Starr v. State*, 821 P.2d 1299, 1301 (Wyo. 1991) (holding merger did not apply to two separate acts of violence against two different individuals).  Because Mr. Keefe was sentenced for two completely unrelated acts—one in 2015 (that led to the 2020 sentence) and one in 2022 (that led to the 2023 sentence)—double jeopardy was not implicated and the 2020 and 2023 sentences did not merge.  *Starr*, 821 P.2d at 1301.  Rather, it was within the district court's discretion whether to make Mr. Keefe's second sentence consecutive to or concurrent with the first one.  *Mitchell*, ¶ 40, 426 P.3d at 841.

[¶10]  While the district court did not originally announce whether the 2023 sentence was consecutive to or concurrent with the 2020 sentence as required by W.R.Cr.P. 32(c)(2)(C), Wyoming law is clear that "[a] sentence is presumed to be consecutive when a sentencing court is silent on the concurrent or consecutive nature of a sentence." *Mitchell*, ¶ 40, 426 P.3d at 841-42.  As a result, when the district court imposed the 2023 sentence on Mr. Keefe but was silent as to whether it was to run consecutive with or concurrent to the 2020 sentence, it was presumed consecutive.  The district court expressly confirmed that decision in its subsequent Order Denying Mr. Keefe's Motion to Correct An Illegal Sentence.  This was not an abuse of discretion or somehow improper.

[¶11]  Mr. Keefe's assertion that the State should be bound by its incorrect characterization of the law from *Mitchell* fares no better.  The State quoted *Mitchell* for the proposition that the sentence was presumed to be concurrent rather than consecutive.  However, whether it was a scrivener's error or something else, the statement was legally incorrect.  *Mitchell* speaks for itself.  To the extent Mr. Keefe believes the State is bound by its misstatement because it is some type of a judicial admission, he provides no pertinent legal authority or cogent argument to support that position.  As a result, we need not consider it.  *Martinson v. State*, 2023 WY 88, ¶ 27, 534 P.3d 913, 921 (Wyo. 2023).  Moreover, courts are not bound by parties' admissions of law.  *See State ex rel. Sullivan v. Schnitger,* 95 P. 698, 701 (Wyo. 1908) (stating the respondent's "admission is one of law, and this court is not bound

by it."). "It has generally been stated that the resolution of questions of law rests upon the court uninfluenced by stipulations of the parties[.]" *Gates v. Mem'l Hosp. of Converse Cnty.*, 2023 WY 77, ¶ 25, 533 P.3d 493, 502 (Wyo. 2023) (quoting 73 Am. Jur. 2d *Stipulations* § 4 (June 2023 Update)); *see also, Rissler & McMurry v. Snodgrass,* 854 P.2d 69, 71 (Wyo. 1993) (explaining we do not approve or give effect to a party's agreement to disregard established law); *Actarus, LLC v. Johnson by and through Johnson*, 451 P.3d 1270, 1277 (Colo. Ct. App. 2019) (stating the doctrine of judicial admissions relates only to proof of facts; it does not apply to legal propositions); *DeMars v. Carlstrom*, 948 P.2d 246, 249 (Mont. 1997) (stating a judicial admission is binding upon a party only when the admission is one of fact rather than a conclusion of law).

## *CONCLUSION*

[¶12] The district court did not abuse its discretion in denying Mr. Keefe's Motion to Correct An Illegal Sentence. Mr. Keefe's sentence was not illegal.

[¶13] Affirmed.