# THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 123

**OCTOBER TERM, A.D. 2025**

**November 14, 2025**

BLAKE J. BREWER,

**Appellant**
**(Defendant),**

**v.**

S-25-0119

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Campbell County*
*The Honorable Michael J. McGrady, Judge*

*Representing Appellant:*
   *Office of Public Defender: Brandon T. Booth, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.*

*Representing Appellee:*
   *Keith G. Kautz, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.*

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and JAROSH, JJ. and KIRVEN, D.J.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FENN, Justice.**

[¶1]   Blake J. Brewer was sentenced to a period of not less than 18 months nor more than 36 months for the criminal offense of felony theft.  During the oral pronouncement of Mr. Brewer's sentence, the district court did not specify whether the sentence would run consecutively or concurrently with any sentence that might be reimposed following his pending parole revocation proceeding before the parole board.  However, in its written judgment and sentence, the district court ordered Mr. Brewer's sentence "shall run consecutive to any other sentence[.]"  Mr. Brewer appeals arguing the district court entered an illegal sentence because it did not impose a consecutive sentence in its oral pronouncement, and the written judgment sentenced him to a term of incarceration consecutive to a sentence that had not yet been reinstated by the parole board.  We affirm.

## ISSUE

[¶2]   Mr. Brewer presents one issue, which we rephrase as: Did the district court impose an illegal sentence when it included in its written judgment and sentence Mr. Brewer's "sentence shall run consecutive to any other sentence of [Mr. Brewer]."

## FACTS

[¶3]   On November 1, 2024, Blake Brewer placed a sound system and monitor into a shopping cart at Walmart in Gillette, Wyoming.  Mr. Brewer left the store with the items without paying.  The total monetary loss to Walmart was $1,887.00.

[¶4]   Officers arrested Mr. Brewer, and the State charged him with felony theft in violation of Wyoming Statute §§ 6-3-402(a)(i) and (c)(i) (2023).  At the time of his arrest, Mr. Brewer was on parole for a three-to-seven-year sentence imposed for a fraud-by-check offense committed in April 2020.  Mr. Brewer entered into a plea agreement with the State on the felony theft charge.  He agreed to plead guilty to felony theft in exchange for the State recommending a sentence of not less than 18 months nor more than 36 months.  Mr. Brewer also agreed to pay restitution to Walmart.  The parties did not include any language in the plea agreement as to whether the parties would recommend the imposed sentence run concurrent or consecutive to any potentially reinstated sentence for Mr. Brewer's 2020 conviction of fraud by check.  However, Mr. Brewer had not yet gone before the parole board for a revocation hearing to determine whether his sentence for the 2020 offense would be reinstated at the time the parties entered into the plea agreement.

[¶5]   On March 25, 2025, Mr. Brewer pled guilty to the charge of felony theft.  During the change of plea hearing, defense counsel requested to proceed with sentencing, without obtaining a pre-sentence investigation report.  Defense counsel stated Mr. Brewer had a pending parole hold and was just recently released from prison when he committed the current offense, so the only part to update on his previous pre-sentence investigation report

1

was the current charge. Mr. Brewer requested to proceed with sentencing so that he could go in front of the parole board on the violation of his parole and start any treatment programs. The State objected because it was not prepared to argue sentencing. The district court found it was a straightforward plea agreement and proceeded to hear arguments regarding sentencing.

[¶6]    During arguments, the State addressed Mr. Brewer's current parole hold and stated Mr. Brewer committed the underlying theft crime while on parole for a similar offense. The State commented:

> So again although this is a property crime, this is a victim crime, committed while on parole with an escalation of his drug use as well as his stealing of property in the past easily 10 years.  So the [c]ourt is certainly able to give concurrent sentences but absent the wording of the concurrent sentences, I don't believe we have a pending sentence on that parole violation.  It's my understanding again, just speaking with the individual in the courtroom that he will be adjudicated for that by the parole board on the underlying.  But I would ask here, Your Honor, to the extent it may be construed or requested otherwise that this be an independent sentence.  If the [c]ourt is silent, I believe it's consecutive.  And our [plea agreement] is silent, and did not provide an agreement with it to concurrent with his parole violation or revocation.

Defense counsel did not address whether Mr. Brewer's sentence on the felony theft charge should run consecutive or concurrent to any sentence the parole board may reinstate for Mr. Brewer's 2020 offense.

[¶7]    During the district court's oral pronouncement of Mr. Brewer's sentence, it was silent as to whether the sentence would run concurrently or consecutively to any potentially reinstated sentence for Mr. Brewer's 2020 offense.  However, the district court noted Mr. Brewer had an underlying parole violation.  The district court accepted the plea agreement and imposed the recommended sentence, a term of not less than 18 months and no more than 36 months.  It ordered Mr. Brewer to pay restitution to Walmart along with other court-imposed fines.

[¶8]    The district court entered its written Judgment upon Plea of Guilty and Sentence on April 2, 2025.  It ordered Mr. Brewer to be incarcerated for a period of not less than 18 months nor more than 24 months.  It further ordered Mr. Brewer's sentence "shall run consecutive to any other sentence of [Mr. Brewer]."  The State filed a motion requesting the district court enter a sentencing order nunc pro tunc because the original judgment "reflect[ed] the incorrect sentence imposed."  The district court entered an Order Nunc Pro

Tunc correcting the sentence to read Mr. Brewer was sentenced to a period of not less than 18 months nor more than 36 months. The district court kept the language of its original order stating Mr. Brewer's "sentence shall run consecutive to any other sentence of [Mr. Brewer]." Mr. Brewer timely appealed.

## STANDARD OF REVIEW

[¶9] Mr. Brewer argues the district court sentenced him "to an illegal sentence." We apply the following standard of review to Mr. Brewer's claim his sentence is illegal:

> Sentencing decisions are normally within the discretion of the trial court. Such discretion is limited, however, inasmuch as a court may not enter an illegal sentence. A sentence is illegal if it violates the constitution or other law. Whether a sentence is illegal is a question of law, which we review *de novo*.

*Bird v. State*, 2015 WY 108, ¶ 9, 356 P.3d 264, 267 (Wyo. 2015) (quoting *Endris v. State*, 2010 WY 73, ¶ 13, 233 P.3d 578, 581 (Wyo. 2010)) (citation modified).

## DISCUSSION

[¶10] Mr. Brewer asserts the district court sentenced him to an illegal sentence by including the language "[t]his sentence shall run consecutive to any other sentence of [Mr. Brewer]" in its written judgment and sentence. He claims the district court erred by including this language because it did not impose a consecutive sentence in its oral pronouncement of his sentence, and the written judgment sentenced him to a term of incarceration consecutive to a sentence that had not yet been reinstated by the parole board. The State claims the district court did not impose an illegal sentence because Wyoming law presumes separate sentences run consecutively to one another. The State suggests the oral and written ruling are consistent because the district court was silent during its oral pronouncement of his sentence, and therefore, his sentence was presumed to run consecutive to the pending parole revocation. To support its argument, the State relies on this Court's recent ruling in *Keefe v. State*, 2024 WY 93, 555 P.3d 492 (Wyo. 2024).

[¶11] In *Keefe*, the defendant was on parole when he tested positive for methamphetamine during a visit by a parole agent and methamphetamine was subsequently found at his home. 2024 WY 93, ¶ 4, 555 P.3d at 494. The defendant pled guilty to two felonies, and the district court imposed a single merged prison sentence of 7 to 10 years. *Id.* In its judgment and sentence, the district court omitted whether the underlying sentence would run consecutive or concurrent to the defendant's sentence on his parole violation. *Id.* However, the district court sentenced the defendant prior to the parole board revoking his parole. *Id.* at ¶¶ 1, 5, 555 P.3d at 494. Because the district court's order was silent, the parole board treated his new sentence as running consecutively to a reinstated sentence for his parole

violation. *Id.* ¶ 5, 555 P.3d at 494. The defendant filed a motion to correct an illegal sentence claiming the district court entered an illegal sentence because it failed to specify whether his sentence would run consecutively or concurrently to any reinstated sentence. *Id.* The district court denied the motion and found the sentence was presumed to be consecutive and held "it is this [c]ourt's ruling that the sentences shall run consecutively." *Id.* at ¶ 5, 555 P.3d at 494–495. On appeal, this Court affirmed the district court's decision. *Id.* at ¶ 13, 555 P.3d at 496. This Court held the district court's silence during its oral pronouncement caused the underlying sentence to be presumed consecutive to any reinstated sentence and the district court expressly confirmed that decision in its subsequent order denying the motion to correct the illegal sentence. *Id.* at ¶ 10, 555 P.3d at 495. We held this was not an abuse of discretion or an illegal sentence. *Id.* at ¶ 12, 555 P.3d at 496.

[¶12] Mr. Brewer has not shown us that our ruling in *Keefe* is not controlling, nor has he distinguished that case. We thus adhere to our precedent and find Mr. Brewer's sentence was not illegal. Mr. Brewer's sentence for felony theft was presumed to be consecutive to any reinstated sentence for his parole violation because the district court was silent during its oral pronouncement of Mr. Brewer's sentence. *Id.* at ¶ 10, 555 P.3d at 495. The district court merely confirmed this presumption in its written judgment and sentence when it ordered "[t]his sentence shall run consecutive to any other sentence of [Mr. Brewer]."

## CONCLUSION

[¶13] Mr. Brewer's sentence for the criminal offense of felony theft was presumed to run consecutive to any sentence that might be reinstated for his 2020 offense when the district court was silent as to whether the new sentence would run consecutively or concurrently. The district court confirmed the sentences would run consecutively in its written judgment and sentence. Mr. Brewer's sentence was not illegal. Affirmed.

4