# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 62

APRIL TERM, A.D. 2026

June 4, 2026

JOSIAH MORAN, conservator of SM, a
minor child,

Appellant
(Plaintiff/Counterclaim Defendant),

v.

MEADOWLARK ACADEMY INC.,

Appellee
(Defendant/Counterclaim Plaintiff),

and

PRESTON THURIN,

Appellee
(Defendant).

S-25-0243

*Appeal from the District Court of Laramie County*
*The Honorable Robin S. Cooley, Judge*

*Representing Appellant:*
> Dion J. Custis, Law Offices of Dion J. Custis, P.C., Cheyenne, Wyoming.
> Argument by Mr. Custis.

*Representing Meadowlark Academy, Inc.:*
> Billie L.M. Addleman, Christine L. Jordan, and Jacob L. Vogt, Hirst Applegate,
> LLP, Cheyenne, Wyoming. Argument by Mr. Vogt.

*Representing Preston Thurin:*
> Kay Lynn Bestol, Sundahl, Powers, Kapp & Martin, LLC, Cheyenne, Wyoming.
> Argument by Ms. Bestol.



*Before BOOMGAARDEN, C.J., and GRAY, FENN, and HILL, JJ, and KASTE, DJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL, Justice.**

[¶1]     Appellant Josiah Moran, conservator of S.M., a minor child, appeals from the district court's order granting Appellee Meadowlark Academy Inc. (Meadowlark) default judgment against him, which, by implication, denied his oral motion to set aside the entry of default.  We affirm.

## ISSUE

[¶2]     Mr. Moran raises one issue which we rephrase as two:

1) Did the district court abuse its discretion when it did not set aside the entry of default?

2) Did the district court violate Mr. Moran's due process rights?

## FACTS

[¶3]     In March of 2024, "S.M., a minor child," filed a complaint and an amended redacted complaint against Meadowlark, Preston Thurin, and Kevin Cooper.[1]  The complaint alleged S.M. was abused at Meadowlark and asserted four claims: 1) negligent infliction of emotional distress; 2) intentional infliction of emotional distress; 3) civil assault and battery; and 4) negligence, negligent entrustment, and negligent hiring.  In April, the plaintiff filed a second amended complaint, but this time the plaintiff was named as "The Conservatorship of S.M."  However, at this point a conservatorship had not been established.

[¶4]     In May of 2024, Meadowlark filed a motion to dismiss making standing arguments relating to the proper plaintiff and arguments that the complaint was barred by an enforceable settlement agreement.  Meadowlark asserted S.M. accepted its $6,000 offer in exchange for a full and complete release of all claims against the individuals and entities related to Meadowlark.  Meadowlark argued even though there was not yet a written agreement, the agreement was still binding because there was a meeting of the minds between the parties, evidenced by an email accepting the counteroffer.

[¶5]     The district court ultimately converted Meadowlark's motion into a motion for summary judgment, denied the motion, and ordered S.M. to amend the case's caption to reflect the proper party once a conservator had been appointed.  The district court found the failure to name the actual conservator as the plaintiff was not fatal and stated it found no enforceable settlement agreement.

---

[1] Kevin Cooper was never served and was dismissed from the case.

1

[¶6]    After the denial of its motion to dismiss, on November 6, 2024, Meadowlark filed an answer to the second amended complaint and asserted counterclaims.  Meadowlark's counterclaims included breach of contract related to the asserted oral pre-litigation settlement agreement and breach of the implied covenant of good faith and fair dealing. "The Conservatorship of S.M.," the named plaintiff at that time, did not file an answer to Meadowlark's counterclaims within the twenty days allowed by W.R.C.P. 12(a).

[¶7]    After significant delays, on May 7, 2025,  in a different conservatorship docket, the district court appointed Mr. Moran the conservator for S.M.  Six days later, Mr. Moran filed a third amended complaint naming him the plaintiff and amending the case caption to reflect him as the conservator of S.M.

[¶8]    On May 22, 2025, Meadowlark filed a request with the clerk of the district court for entry of default against Mr. Moran for the failure to answer Meadowlark's counterclaims. The clerk entered default on the same day.

[¶9]    On May 27, 2025, Meadowlark filed its answer to Mr. Moran's third amended complaint and did not reassert its counterclaims in this answer.  On May 30, 2025, Meadowlark filed a motion for default judgment and requested a hearing on the matter. Mr. Moran filed an answer to Meadowlark's counterclaims on June 9, 2025—190 days after Meadowlark made them, after the clerk had entered default, after Meadowlark had moved for default judgment, and after Meadowlark had requested a hearing on its motion for default judgment.

[¶10]  On June 11, 2025, Mr. Moran filed a document entitled "Plaintiff's Response in Opposition to Defendant Meadowlark's Motion for Entry of Default," twenty days after default was entered and twelve days after Meadowlark moved for default judgment.  Mr. Moran did not state his "opposition" was under W.R.C.P. Rule 55, nor did he mention or discuss Rule 55 or Rule 60(b).  Mr. Moran did not cite or discuss any rule or other law at all.  Mr. Moran did not request the district court set aside the entry of default but instead seemed to request default be denied.  He specifically requested the district court "take nothing by virtue of Defendant's request for entry of default."

[¶11]  Meadowlark filed a reply to Mr. Moran's motion, pointing out the clerk of court had already entered default against Mr. Moran, and to the extent Mr. Moran was seeking to oppose entry of default, the issue was moot.  Meadowlark further argued Mr. Moran had not requested the district court set aside the entry of default and otherwise did not argue that good cause existed to set aside the entry of default.

[¶12]  The district court held a hearing on Meadowlark's motion for default judgment.  Mr. Moran initially made arguments having nothing to do with setting aside an entry of default and stated at the beginning of his argument "we haven't moved to set aside [the entry of default]."  Mr. Moran eventually briefly argued that, in the event the district court found

the clerk of court's entry of default was valid, it should be set aside. When prompted by the district court's express inquiry as to what "good cause" Mr. Moran would rely on to set aside the default, Mr. Moran argued there were procedural difficulties establishing the conservatorship, the counterclaims were not reasserted in Meadowlark's answer to the third amended complaint, and default was contrary to what the court had already ordered with regard to the settlement agreement.

[¶13] The district court subsequently entered its order granting Meadowlark's motion for default judgment against Mr. Moran, denying—by implication—Mr. Moran's oral motion to set aside the entry of default. The district court found not only did Mr. Moran fail to even mention W.R.C.P. Rules 55(c) and 60(b), but he also "did not so much as acknowledge, discuss, or even mention the relevant factors for the [c]ourt's consideration in determining whether to set aside default." In its order, the district court stated:

> Regarding [Mr. Moran's] oral motion to set aside the default, the [c]ourt notes that it will not frame issues for the litigants and will not consider issues not supported by cogent argument and authoritative citation. *State v. Campbell County Sch. Dist.*, 2001 WY 90, ¶ 35, 32 P.3d 325, 333 (Wyo. 2001). While the [c]ourt has tried to provide guidance to [Mr. Moran] throughout this litigation, it cannot address arguments that [Mr. Moran] has not presented. Upon review of the record, the [c]ourt finds no good cause to excuse [Mr. Moran's] failure to respond to the counterclaims and therefore must grant [Meadowlark's] motion for default judgment.

The default judgment resolved Moran's lawsuit against all remaining named defendants. Mr. Moran thereafter timely appealed the district court's order.

## STANDARD OF REVIEW

[¶14] We review a district court's determination as to whether good cause exists to set aside an entry of default for an abuse of discretion. *Matter of RVR*, 2022 WY 153, ¶ 26, 520 P.3d 1158, 1165 (Wyo. 2022) (citing *Matter of EMM*, 2018 WY 36, ¶ 8, 414 P.3d 1157, 1159 (Wyo. 2018)); *see also In re HLL*, 2016 WY 43, ¶ 32, 372 P.3d 185, 192 (Wyo. 2016); *In re ARW*, 2015 WY 25, ¶ 17, 343 P.3d 407, 412 (Wyo. 2015). We will not disturb the decision unless the district court abused its discretion and was clearly wrong. *Matter of RVR*, ¶ 26, 520 P.3d at 1165 (citing *In re HLL*, ¶ 32, 372 P.3d at 192); *see also Matter of EMM*, ¶ 8, 414 P.3d at 1159; *In re ARW*, ¶ 17, 343 P.3d at 412.

[¶15] "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Williams v. Gage*, 2026 WY 30, ¶ 10, 585 P.3d 183, 187 (Wyo. 2026) (quoting *Hale v. City of Laramie*, 2025 WY 133, ¶ 19, 580 P.3d 516, 520 (Wyo. 2025)). "A court abuses its

3

discretion if it acts 'in a manner which exceeds the bounds of reason under the circumstances.'" *Id.* The question for this Court to determine on appeal is "whether the trial court could reasonably conclude as it did." *Hutton v. Dykes*, 2025 WY 94, ¶ 16, 575 P.3d 334, 341 (Wyo. 2025) (quoting *Holloway v. Hidden Creek Outfitters, LLC*, 2025 WY 59, ¶ 30, 569 P.3d 756, 763 (Wyo. 2025)).

**DISCUSSION**

**I. The district court's denial of the motion to set aside the entry of default**

[¶16] At the outset, we note Mr. Moran did not move the district court to set aside the default judgment. Instead, he appealed the district court's order which denied—by implication—his oral motion to set aside the entry of default and entered default judgment against him. Generally, there is no appeal from a default judgment unless an appropriate motion for relief under Rule 60(b) has first been made to the district court. *Chamberlain v. Ruby Drilling Co.*, 986 P.2d 846, 847 (Wyo. 1999); *Whitney v. McDonough*, 892 P.2d 791, 793–94 (Wyo. 1995); *Adel v. Parkhurst*, 681 P.2d 886, 889 (Wyo. 1984). Additionally, we have held once default has been entered and default judgment granted, the defaulting party cannot contest the facts alleged in the complaint on appeal. *Peak v. Peak*, 2016 WY 109, ¶¶ 25–26, 383 P.3d 1084, 1092 (Wyo. 2016) (citing *Lee v. Sage Creek Ref. Co.*, 947 P.2d 791, 794 (Wyo. 1997)); *see also Multiple Resort Ownership Plan, Inc. v. Design–Build–Manage, Inc.*, 2002 WY 67, ¶ 9, 45 P.3d 647, 651 (Wyo. 2002). If a defaulting party wants to contest the facts, he must request the district court set aside the default judgment. *Peak*, ¶ 26, 383 P.3d at 1092 (citing *Clay v. Mountain Valley Min. Ltd. P'ship*, 2015 WY 84, ¶ 19, 351 P.3d 961, 967 (Wyo. 2015)). He cannot contest them by appealing directly from the default judgment. *Id.* Therefore, our review is narrow and limited to Mr. Moran's assertion the district court erred by denying his oral motion to set aside the entry of default.

[¶17] A party does not have an absolute right to have an entry of default set aside. *Rush v. Golkowski*, 2021 WY 27, ¶ 18, 480 P.3d 1174, 1178 (Wyo. 2021); *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, 664 P.2d 121, 126 (Wyo. 1983). Instead, under W.R.C.P. 55(c), an entry of default may be set aside by the district court for "good cause." W.R.C.P. 55(c); *Matter of EMM*, ¶ 10, 414 P.3d at 1159; *In re HLL*, ¶ 34, 372 P.3d at 192. Good cause for setting aside an entry of default under W.R.C.P. 55(c) is found in the justifications for relief from a final judgment articulated in W.R.C.P. 60(b). *Hopeful v. Etchepare, L.L.C.*, 2023 WY 33A, ¶ 60, 528 P.3d 414, 432 (Wyo. 2023); *Matter of EMM*, ¶ 10, 414 P.3d at 1159. If the defaulting party cannot prove reasons for setting aside the entry of default under W.R.C.P. 60(b), then it necessarily follows that good cause under W.R.C.P. 55(c) cannot be established. *In re HLL*, ¶ 34, 372 P.3d at 192; *In re ARW*, ¶ 18, 343 P.3d at 412.

[¶18] As the proponent of the motion, Mr. Moran had the burden of proving he was entitled to relief. *Hopeful*, ¶ 61, 528 P.3d at 432 (citing *RDG Oil & Gas, LLC v. Jayne*

4

*Morton Living Tr.*, 2014 WY 102, ¶ 10, 331 P.3d 1199, 1201 (Wyo. 2014)). Mr. Moran, thus, bore the burden of showing good cause based on one of the justifications for relief under Rule 60(b). *Rush*, ¶ 18, 480 P.3d at 1178 (citing W.R.C.P. 60(b)); *see also EMM*, ¶¶ 8, 10, 414 P.3d at 1159–60. In this instance, Mr. Moran failed to articulate a reason to set aside default under Rule 60(b). As noted above, when questioned about the basis for setting aside default, Mr. Moran argued there were procedural difficulties establishing the conservatorship, the counterclaims were not reasserted in Meadowlarks' answer to the third amended complaint, and default was contradictory to what the court had already ordered regarding the settlement agreement. These arguments do not specifically articulate a Rule 60(b) justification. A generous reading of Mr. Moran's arguments might suggest he was relying on Rule 60(b)(1)—"mistake, inadvertence, surprise, or excusable neglect," or 60(b)(6)—"any other reason that justifies relief." Even giving Mr. Moran's statements a generous reading and supposing, for purposes of this opinion, they were an adequate articulation of a Rule 60(b) reason, Mr. Moran did not further support his motion with cogent argument or support his reasoning with legal authority.

[¶19] Without citing W.R.C.P. 60(b)(1), Mr. Moran simply stated he had an erroneous belief that a conservator had to be formally appointed before answering Meadowlark's counterclaims and such belief constituted "excusable neglect." He did not cite any legal authority related to excusable neglect or make further argument. This Court has defined excusable neglect as "such behavior as might be the act of a reasonably prudent person under the circumstances." *Whitney*, 892 P.2d at 794 (quoting *Carlson v. Carlson*, 836 P.2d 297, 303 (Wyo. 1992)); *see also Williams*, ¶ 13, 585 P.3d at 188. We have also explained, "demonstrating excusable neglect is not a light burden, because that standard is intended to address certain unavoidable crises in life, such as genuine emergencies like death, sickness, or other unfortunate situations in which a reasonably prudent person might have exhibited the same behavior under similar circumstances." *Matter of EMM*, ¶ 10, 414 P.3d at 1159–60 (quoting *In re HLL*, ¶ 35, 372 P.3d at 192); *see also Williams*, ¶ 13, 585 P.3d at 188. "Excusable neglect has traditionally been found where a party acts in a reasonably prudent manner, but an outside force creates an undue delay, resulting in an untimely filing." *Williams*, ¶ 13, 585 P.3d at 188 (quoting *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 62, ¶ 9, 155 P.3d 1041, 1043 (Wyo. 2007)).

[¶20] The district court could reasonably conclude Mr. Moran failed to demonstrate such unavoidable crises in life existed in this case to excuse his failure to timely answer Meadowlark's counterclaim. Just as we found in *Chevron U.S.A., Inc.*, there is no evidence anything outside Mr. Moran's control caused, or was even a factor leading to, the untimely filing of an answer. *Id.*, ¶ 11, 155 P.3d at 1044. We do not find any evidence in the record that distinguishes Mr. Moran claimed "excusable neglect" from the types of neglect found insufficient to constitute excusable neglect in our prior decisions. *See Fluor Daniel (NPOSR), Inc. v. Seward*, 956 P.2d 1131, 1135 (Wyo. 1998).

5

[¶21]   To the extent Mr. Moran's statements could be considered to suggest he was arguing mistake or inadvertence, the district court could have also reasonably concluded Mr. Moran's erroneous belief that the conservator had to be formally appointed before plaintiff could answer Meadowlark's counterclaim did not establish mistake or inadvertence.  In *Countrywide Home Loans, Inc. v. First Nat. Bank of Steamboat Springs, N.A.*, 2006 WY 132, 144 P.3d 1224 (Wyo. 2006), we stated:

> [T]he defendant's belief that he had been granted an extension of time in which to file an answer did not constitute mistake, inadvertence or excusable neglect entitling him to an order setting aside default judgment.  We said it was not reasonable for the defendant to assume he had an open extension of time in which to file an answer based solely upon a phone conversation with no verbal or written confirmation from the plaintiff and in the face of the explicit requirements of the Wyoming Rules of Civil Procedure.  We said:
>
> > The concept of time limitations for filing pleadings with the court is a fairly basic one of legal practice. [The defendant]'s reliance on his belief in an open-ended extension was simply not reasonable.

*Id.*, ¶ 26, 144 P.3d at 1232 (quoting *Multiple Resort Ownership Plan, Inc.*, ¶ 14, 45 P.3d at 652).

[¶22]   Here, plaintiff's belief was similarly unreasonable because the district court had not stayed the case or otherwise issued any ruling that would have relieved the plaintiff from following the Wyoming Rules of Civil Procedure.  The district court's scheduling order filed on January 13, 2025 and its "Order of Intent to Dismiss" filed on April 24, 2025 show the case was active and not stayed.  If plaintiff was unsure about the status of the case or the requirement to answer at that time, the proper course for Mr. Moran to take was to answer the complaint and/or seek clarification or some other relief from the requirement. *See Countrywide Home Loans, Inc.*, ¶ 29, 144 P.3d at 1232–33.  Just as we held in *Countrywide Home Loans, Inc.*, in light of Mr. Moran's failure to "follow elementary legal procedure," we are hard pressed to conclude the district court exceeded the bounds of reason by not finding mistake or inadvertence that would establish a ground for relief from default. *Id.*

[¶23]   We have also held W.R.C.P. 60(b)(6), the so-called "catch all" provision, should be invoked only under extraordinary circumstances. *Multiple Resort Ownership Plan, Inc.*, ¶ 15, 45 P.3d at 652; *Vanasse v. Ramsay*, 847 P.2d 993, 998 (Wyo. 1993).  For example, we have consistently held a litigant is not necessarily entitled to relief under Rule 60(b)(6) solely because his counsel was grossly negligent. *See Multiple Resort Ownership Plan, Inc.,* ¶ 15, 45 P.3d at 652; *Orosco v. Schabron*, 9 P.3d 264, 267–68 (Wyo. 2000); *Fluor Daniel (NPOSR), Inc.*, 956 P.2d at 1136.  "[T]he broad power granted by [Rule 60(b)(6)]

is not for the purpose of relieving a party from free, calculated, and deliberate choices the party has made. A party remains under a duty to take legal steps to protect his own interests." *Sheppard v. Bd. of Cnty. Commissioners*, 2025 WY 31, ¶ 13, 565 P.3d 948, 951 (Wyo. 2025) (citation omitted). Thus, we are similarly hard pressed to conclude the district court exceeded the bounds of reason in not finding a Rule 60(b)(6) ground to set aside default, especially when Mr. Moran did not specifically articulate he was relying on Rule 60(b)(6) or offer any other cogent argument on this point.

[¶24] Even if we were to find Mr. Moran articulated an appropriate Rule 60(b) reason, Mr. Moran did not further establish good cause under the relevant factors. If the district court finds the moving party established an articulated ground for relief, it may then apply a three-factor test to determine whether good cause has been shown under W.R.C.P. 55(c) to set aside an entry of default. *M & A Const. Corp. v. Akzo Nobel Coatings, Inc.*, 936 P.2d 451, 454–55 (Wyo. 1997) (citing *First Southwestern Financial Services v. Laird*, 882 P.2d 1211, 1215 (Wyo. 1994); *Vanasse*, 847 P.2d at 998)). The three factors that may be considered are whether: 1) the plaintiff will be prejudiced; 2) the defendant has a meritorious defense; and 3) culpable conduct of the defendant led to the default. *See M & A Const. Corp.*, 936 P.2d at 454–55 (citing *First Southwestern Financial Services*, 882 P.2d at 1215; *Vanasse*, 847 P.2d at 998).

[¶25] As noted above, Mr. Moran offered nothing related to these three factors. He did not identify the factors or discuss them in either his written response or at the default judgment hearing. Even on appeal, Mr. Moran does not identify anything in the record to support these three factors. Mr. Moran provides us with no analysis under W.R.C.P. 55(c) and 60(b) to support that the arguments he made to the district court demonstrated he had good cause for relief from the entry of default, and he provides no relevant legal authority or cogent argument to support any such good cause. "We will not frame the issues for the litigants and will not consider issues not raised by them and not supported by cogent argument and authoritative citation." *Sheesley as Tr. of DCS Tr. dated May 17, 2005 v. AristaTek, Inc.*, 2025 WY 89, ¶ 27, 573 P.3d 535, 545 (Wyo. 2025) (quoting *Schroth v. Kirk*, 2025 WY 24, ¶ 38 n.3, 564 P.3d 570, 582 n.3 (Wyo. 2025) (internal quotations omitted)).

[¶26] As the district court found, Mr. Moran "did not so much as acknowledge, discuss, or even mention the relevant factors for the [c]ourt's consideration in determining whether to set aside default." Not only did Mr. Moran fail to move to set aside the entry of default in his written response to Meadowlark's motion, but the response was also entirely devoid of any legal authority or citation to rule or law. At the hearing, Mr. Moran failed to provide much more than his written response. Mr. Moran should have been aware of what he would need to establish at the hearing, especially when Meadowlark's reply to his written response detailed Wyoming law on setting aside entry of default under W.R.C.P. 55(c) and 60(b) and argued Mr. Moran could not establish good cause for the district court to set it aside. Yet, at the hearing, Mr. Moran again failed to cite to or discuss W.R.C.P. 55(c) or

60(b) or cite to any relevant legal authority, orally moving to set aside the entry of default only as a secondary alternative argument.

[¶27] Had the district court not further inquired of him, Mr. Moran's argument for setting aside the entry of default would have been one simple sentence:

> And if the court deems that there was a valid default entered we would move to set that aside because its [*sic*] contradictory to what this [c]ourt has already ordered and is res judicata in that particular issue.

The district court asked Mr. Moran to clarify the grounds he was relying upon to establish good cause. In response to the district court asking Mr. Moran if he had any case law to support his contention, Mr. Moran ultimately replied:

> And, no, but I'm just, I guess, addressing the [c]ourt, that it's plainly obvious that we didn't believe that there was a valid caption to proceed with at that point in time concerning the procedural history. And I believe, again, that that would satisfy excusable neglect at this point, in addition to the fact that it's res judicata and has already been litigated and denied.

[¶28] Having reviewed the record, we are convinced the district court soundly exercised its discretion in denying Mr. Moran's oral motion to set aside the default. The record shows the district court could reasonably conclude Mr. Moran failed to meet his burden of establishing good cause existed to set aside the entry of default under W.R.C.P. 55(c). It was incumbent upon Mr. Moran to establish his failure to timely answer Meadowlark's counterclaim was excused by one of the W.R.C.P. 60(b) justifications and good cause existed. His failure to adequately and clearly identify not only the Rule 60(b) ground he was relying upon but also to offer clear cogent argument coupled with relevant legal authority about good cause makes his claim that the district court erred untenable.

[¶29] On appeal, Mr. Moran now argues the default should have been set aside because: 1) his procedural due process rights were violated when the district court granted Meadowlark's motion for default judgment without first giving Mr. Moran a chance to be heard (discussed in Section II below); and 2) it was error for the district court to grant Meadowlark's motion for default judgment because, under Rule 909(a) of the Uniform Rules for the District Courts of the State of Wyoming, a district court cannot dismiss a case without a conservator's consent.[2] Neither argument was made to the district court.

---

[2] Mr. Moran also filed a Reply Brief wherein he again raises new arguments that were not made to the district court. These new arguments are not supported by relevant legal authority or cogent argument and are not jurisdictional or fundamental; thus, we decline to consider them for the first time on appeal. *Williams*, ¶ 27, 585 P.3d at 191, and n.1; *Sharpe v. Evans*, 2025 WY 70 ¶ 14, 570 P.3d 731, 736 (Wyo. 2025); *Contango Res., LLC v. Fremont County*, 2025 WY 29 ¶ 48, 565 P.3d 167, 178–79 (Wyo. 2025); *Sellers v. Claudson*, 2024 WY 69, ¶¶ 28-29, 550 P.3d 559, 569 (Wyo. 2024).

[¶30]   This Court takes a dim view of parties basing their arguments on one theory in the district court and then appealing it on another; parties are bound by the theories which they advanced below.  *WW Enters., Inc. v. City of Cheyenne*, 956 P.2d 353, 356 (Wyo. 1998) (citing *Epple v. Clark*, 804 P.2d 678, 681 (Wyo. 1991)).  Generally, we will not consider an issue raised for the first time on appeal unless it is jurisdictional or "of such a fundamental nature that it must be considered." *Williams*, ¶ 27, 585 P.3d at 191 (quoting *Sharpe v. Evans*, 2025 WY 70, ¶ 14, 570 P.3d 731, 736 (Wyo. 2025)); *see also Ropken v. YJ Constr., Inc.*, 2025 WY 131, ¶ 36, 580 P.3d 1042, 1051 (Wyo. 2025).  "We follow this rule because it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court." *Williams*, ¶ 27, 585 P.3d at 191 (quoting *Sharpe*, ¶ 14, 570 P.3d at 736) (citation modified).  This is especially true in cases where we review for an abuse of discretion, as our analysis necessarily implicates the arguments and evidence presented to the district court.  *Amadio v. Amadio*, 2025 WY 21, ¶ 34, 564 P.3d 259, 269 (Wyo. 2025) (citing *Traylor v. Kraft*, 2024 WY 74, ¶ 68, 552 P.3d 351, 364 (Wyo. 2024)).

[¶31]  Mr. Moran's arguments about Rule 909(a) are not supported by relevant legal authority or cogent argument, and are not jurisdictional nor fundamental; thus, we decline to consider them for the first time on appeal.  *See Contango Res., LLC v. Fremont Cnty.*, 2025 WY 29, ¶ 48, 565 P.3d 167, 178–79 (Wyo. 2025) (citing *Keefe v. State*, 2024 WY 93, ¶ 11, 555 P.3d 492, 496 (Wyo. 2024) (declining to consider argument not supported by pertinent legal authority or cogent argument)).

## II.  Mr. Moran's due process claim

[¶32]  Mr. Moran argues the district court violated his due process rights by granting the default judgment without hearing from him personally, despite the fact that he was represented by counsel and voluntarily chose not to attend the hearing.[3]  However, as we mentioned in Section I, Mr. Moran did not raise this due process claim in the district court, and we will not consider an issue raised for the first time on appeal unless it is jurisdictional or "of such a fundamental nature that it must be considered." *Williams*, ¶ 27, 585 P.3d at 191 (citing *Sharpe*, ¶ 14, 570 P.3d at 736); *see also Ropken*, ¶ 36, 580 P.3d at 1051.  Mr. Moran has not shown this issue is fundamental, and we will not consider it.  *See Colton v. Town of Dubois*, 2022 WY 138, 519 P.3d 976, 978 n.1 (Wyo. 2022) ("None of these issues are jurisdictional, and Mr. Colton has not shown they are fundamental.  Consequently, we do not address them."), and *Moses Inc. v. Moses*, 2022 WY 57, ¶ 12, 509 P.3d 345, 350 (Wyo. 2022) ("The record on appeal does not reflect that Moses Inc. made this argument to the district court, and it has not shown the issue is fundamental.  We therefore will not consider it.").

---

[3] Both of S.M.'s attorneys, who also represented Mr. Moran as S.M.'s conservator, attended the hearing and one co-counsel made arguments to the district court.

[¶33]  Moreover, Mr. Moran's claim he did not have notice and a meaningful opportunity to be heard before the district court granted the default judgment is unavailing.  Mr. Moran's co-counsel filed a responsive pleading, received timely notice before the hearing, were present at the hearing to present argument to the court, and had the opportunity to present evidence relating to Mr. Moran's reasons for seeking to set aside the default.  *See Peak*, ¶ 10, 383 P.3d at 1088 ("[B]ecause Father received notice of the hearing, he received all the process he was due.  He was presented with a meaningful opportunity to be heard; his failure to appear amounts to a waiver of the right to be heard."); *Rosty v. Skaj*, 2012 WY 28, ¶ 20, 272 P.3d 947, 954 (Wyo. 2012) ("[W]e reject Appellant's claim that he was deprived of a meaningful opportunity to be heard at the hearing.  We also note that Appellant's counsel was present at the hearing and took full advantage of the opportunity to cross-examine witnesses, object to witness testimony and exhibits, and present argument to the court."); and *Adel v. Parkhurst*, 681 P.2d 886, 891 (Wyo.1984) ("[S]ince [appellant] did appear by counsel at and participate in the [default judgment] hearing no prejudice could be asserted.").

## CONCLUSION

[¶34]  Because Mr. Moran failed to establish good cause, the district court did not abuse its discretion when it denied his oral motion to set aside the entry of default and entered default judgment.  Affirmed.